■ In the Matter of EUGENIE BUSHELL, Respondent, v ANTHONY J. SACCA et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, which denied petitioner's application for a permit to erect a free-standing sign on her property, the appeal is from a judgment of the Supreme Court, Suffolk County, entered May 9, 1977, which annulled the determination and remanded the matter to the zoning board with a direction that the permit be issued. Judgment reversed, on the law, with costs, and proceeding dismissed on the merits. The petitioner applied to the appellant zoning board for permission to erect a free-standing sign on her property, where she operates real estate and travel businesses. The placement of such a sign is forbidden by the Town of Huntington Zoning Ordinance. However, the board, as a special exception, may grant permission for the erection of that type of sign where the applicant satisfies the board that "the sign is necessary for the identification of the enterprise" involved (Zoning Ordinance of Town of Huntington, § 62-14.12 [6] [a]). After a public hearing, at which the petitioner called witnesses to establish the necessity of the sign, the board denied the application. The board found that in light of the proximity of the petitioner's businesses to the road, and the presence of other signs on the front of the building involved, a free-standing sign was not necessary for identification purposes. In annulling the board's determination, Special Term did not find that its action was arbitrary or capricious but, in effect, substituted its own opinion for that of the board. Since the board did not act arbitrarily or capriciously in denying the application, Special Term should not have disturbed its determination. Therefore, the determination of the zoning board of appeals is reinstated. Rabin, J. P., Gulotta, Shapiro and Mangano, JJ., concur.

■ In the Matter of DANIEL F. CONLIN, as President of Local Union 891, International Union of Operating Engineers, AFL-CIO, on Behalf of Himself and School Custodian-Engineer Members of Said Local, et al., Appellants, v STEPHEN R. AIELLO, et al., Constituting the Board of Education of the City of New York, Respondents.—Order and judgment (one paper) of the Supreme Court, Kings County, entered September 12, 1978, affirmed, with costs, upon the opinion of Mr. Justice Morton at Special Term. Hopkins, J. P., Damiani, Titone and Martuscello, JJ., concur.

■ In the Matter of DEPARTMENT OF SOCIAL SERVICES OF ORANGE COUNTY, Respondent, v ALAN K., Appellant.—In a paternity proceeding, the appeal is from an order of filiation and support of the Family Court, Orange County, dated December 30, 1977 and made after a nonjury trial. Order reversed, on the law and the facts, without costs or disbursements, and proceeding dismissed. The mother of the child admitted that she had shared a promiscuous relationship with another man at one time and admitted access by that man during the critical time of possible conception. Therefore, the evidence of paternity was not clear, convincing and entirely satisfactory. Damiani, J. P., Shapiro, Margett and Martuscello, JJ., concur.