■ In the Matter of RONALD MOREHOUSE, Appellant, v TOWN OF HORICON PLANNING BOARD, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Quinn, J.), entered February 5, 1981 in Warren County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to issue a permit for the use of petitioner's premises as a restaurant-tavern. In the spring of 1978, petitioner applied to respondent Town of Horicon Planning Board for a conditional use permit to operate a coffee shop type restaurant on his premises in the town, and his application was granted. Subsequently, on December 6, 1978, he applied to respondent for a conditional use permit to operate a portion of the coffee shop as a tavern, and following a public hearing this application was denied upon the ground that a tavern would be detrimental to the general welfare of the persons residing in the area. Challenging this result, petitioner instituted an article 78 proceeding wherein his petition was dismissed, and his later appeal to this court was also dismissed because of his failure to file and serve certain papers and prosecute the appeal. With these circumstances prevailing on July 2, 1980, petitioner filed another application for a conditional use permit to operate a tavern on his premises, and this application was denied following a public hearing upon the ground that the proposed project was still not in harmony with the established residential character of the neighborhood. The present article 78 proceeding ensued wherein Special Term denied petitioner's application on the ground that the decision in the initial article 78 proceeding was *res judicata* as to the application in the second proceeding. Petitioner now appeals. We hold that the judgment of Special Term should be affirmed. In so ruling, however, we cannot agree that the initial article 78 determination is *res judicata* as to the instant application for relief in which petitioner submitted new and additional facts which rendered it

substantially different from the application in the first proceeding (see *Flynn v Sinclair Oil Corp.*, 20 AD2d 636, affd 14 NY2d 853). Here, for the first time, petitioner submitted proof of a satisfactory plan for sewage disposal, of a liquor license application, of a lack of objection by nearby landowners to the grant of the permit and of a change in the proposed use of the property by establishing a closing time of 12:00 A.M. for the premises. Under these circumstances, while petitioner's two applications are admittedly similar, they are plainly not "virtually identical" as argued in respondent's brief, and the determination in the first proceeding should not serve as a bar to the second proceeding. Such being the case, we turn to the merits and initially find that petitioner's proposed use, i.e., an eating and drinking establishment, is permitted as a "conditional use" under the terms of the zoning ordinance at issue and that subsection 9.61 of the ordinance provides sufficiently detailed standards with regard to requirements which must be met for the approval of a conditional use (see 2 Anderson, New York Zoning Law and Practice [2d ed], § 19.11, p 102). In essence, therefore, petitioner is seeking not a variance, but a special permit to operate a restaurant-tavern (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238), and we must determine whether or not respondent acted arbitrarily or capriciously in refusing to issue such a permit (*Matter of Bushell v Sacca*, 69 AD2d 861; see 2 Anderson, New York Zoning Law and Practice [2d ed], § 19.14, p 109). In our judgment, the refusal was neither arbitrary nor capricious, and, accordingly, it should be affirmed. With respect to both of petitioner's applications for a permit, the planning board indicated that it was troubled by the disruptive effect that a tavern with its peak business at night would have on an area that was primarily residential and largely rural in nature. To counter these concerns of respondent, petitioner offered in the second application only a promise that he would close his establishment at midnight. Given these circumstances, together with respondent's presumed knowledge of the area in question and the directives in the zoning ordinance that respondent considers in deciding whether to permit a conditional use, the location and character of the proposed use, possible traffic congestion problems and other possible detrimental effects on the health, safety or general welfare of area residents resulting from the proposed use, we cannot say on this record that respondent has not made a "common-sense" judgment or that its ruling that the proposed tavern is not in harmony with the character of the neighborhood is clearly illegal. Therefore, the challenged determination should not be disturbed (*Matter of Lemir Realty Corp. v Larkin*, 11 NY2d 20, 25; *Burger King Corp. v Amelkin*, 70 AD2d 627). Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.