■ In the Matter of ROGER PAYNE et al., Appellants, v GALE TAYLOR et al., Constituting the Board of Zoning Appeals for the Town of Ellicott, et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: The determination of the Zoning Board of Appeals granting a special use permit to construct a 400 foot antenna tower in a residential district to facilitate the supply of cellular telephone service was not arbitrary, capricious or irrational and is supported by substantial evidence and should be confirmed (*see, Matter of Fuhst v Foley,* 45 NY2d 441, 444-445). None of the objections raised by petitioners, neighbors residing in the area, has merit. The Board properly determined that the tower is a "public utility building." This term is not defined in the zoning ordinance and the Board's interpretation is entitled to great weight (*see, Matter of Frishman v Schmidt,* 61 NY2d 823, 825). The respondent partnership is a "public utility" as defined by relevant statute (*see,* Public Service Law § 2 [17], [18], [23]; Tax Law § 186-a [2] [a] [i]; Town Law § 118) and provides a useful public service. The tower is as much a "building" as switching stations, pump stations and utility poles previously determined by the Town to qualify as such.

The zoning ordinance provides for special use permits for those types of public utility facilities which need to be in a particular location to transmit a utility service. Cellular communications is such a service. The "buildings" excluded from the special use permit provision of the ordinance do not provide a link in the transmission of a utility. The record reveals that the Board carefully and thoroughly considered all relevant concerns and rationally concluded that the tower would not interfere with radio reception, create health or safety risks or impair the value of adjacent properties. The Board also fully complied with applicable SEQRA requirements and took the requisite "hard look" at all relevant areas of environmental concern (see, Matter of Jaffee v RCI Corp., 119 AD2d 854, lv denied 68 NY2d 607; H.O.M.E.S. v New York State Urban Dev. Corp., 69 AD2d 222, 232). The Board's public notice was proper and, in any event, since petitioners received it and attended the hearing, they should not now be heard to complain about it (see, Matter of Brew v Hess, 124 AD2d 962, 963). Lastly, the Board correctly determined that construction of the tower was not precluded by a prior decision because it involved a different lot. (Appeal from Judgment of Supreme Court, Chautauqua County, Ricotta, J.—Article 78.) Present—Callahan, J. P., Boomer, Green, Pine and Balio, JJ.