■ In the Matter of ROGER LORBERBAUM et al., Appellants, v ROBERT PEARL et al., Constituting the Town of Plattsburgh Planning Board, et al., Respondents.—Mikoll, J. P. Appeal from that part of a judgment of the Supreme Court (Pluma-dore, J.), entered August 8, 1991 in Clinton County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Planning

Board of the Town of Plattsburgh granting subdivision approval to respondent Champlain Bluffs Development Corporation.

The primary question presented on this appeal is whether Supreme Court erred in failing to annul an administrative determination that the proposed subdivision project is not substantially contiguous to registered historic sites (see, 6 NYCRR 617.12 [b] [9]) and therefore not a type I action under the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA). In our view the court erred and we reverse.

Respondents Champlain Bluffs Development Corporation, J. David Dame, Roger B. Kennedy, Bluff Point Golf and County Club, Inc. and Bluff Point Development Corporation (hereinafter collectively referred to as the developers) sought the approval of the Planning Board of the Town of Plattsburgh in Clinton County for a proposed project which involves a three phase plan for the construction of a residential subdivision which includes 122 single-family dwellings, 36 multiple-family units and improvements to an adjoining golf course. In all, the plan calls for development of 115 acres of a 280-acre site located within the Town on the scenic and historic shores of Lake Champlain.

A developers' sketch plan for phase I of the project was approved by the Planning Board on June 5, 1989. Thereafter, potential environmental problems were made known to the developers and the Planning Board. On September 5, 1989 the developers filed part 1 of a full environmental assessment form (hereinafter EAF) indicating the existence of unique or unusual land forms described as "high cliffs composed of crown point and day point limestone, good partial stratigraphic sections exposed". The EAF indicated that the site was used for recreational activities and provided the public with important scenic views. The EAF also declared that the project was not substantially contiguous to any site listed on the State or National Registers of Historic Places, that the project site did not contain any endangered or threatened plant species, and that soil depth to the bedrock at the site was 0 to 20 feet. The EAF did not classify the project as "type I" or as "unlisted" as required by 6 NYCRR 617.5. At a public hearing petitioners submitted, inter alia, evidence of environmental concerns related to soil depth, shore erosion and endangered plants. There was also evidence that Valcour Bay and Plattsburgh Bay were National Historic Landmarks and that the project was substantially contiguous to these bays.

Part 2 of the EAF was completed by the Town Engineer. Part 2 indicated that the project would cause environmental impacts due to steep slopes, exposed bedrock and the erection of buildings on scenic cliffs. It will also impact on surface waters, siltation, soil erosion, aesthetic resources, wooded areas, the lakefront and historic sites or structures.

The Planning Board apparently relied only on the reports of the developers, their environmental consultants and the Town Engineer's contribution without making other or further inquiry into environmental concerns raised at a public hearing. Following immediately after the hearing and a technical review, the Planning Board determined the project to be an unlisted action which would not have a significant impact on the environment. The Planning Board then issued its negative declaration but did not state its reasons for discounting the environmental concerns raised by petitioners.

Petitioners then commenced this CPLR article 78 proceeding seeking to annul the Planning Board's determination approving the proposed project. The developers, the State and the Commissioner of Parks, Recreation and Historic Preservation were permitted to intervene in the proceeding in November 1990. After considering submissions of the parties, Supreme Court found, *inter alia,* that the Planning Board "took a long and detailed look at the proposed project over a period of four months" which "constituted the requisite 'hard look' ". Supreme Court further concluded that an environmental impact statement was not required and dismissed the petition. This appeal by petitioners ensued.

The Planning Board improperly concluded that the project was not substantially contiguous to historic sites located on the National Register of Historic Places and therefore not a type I action *(see,* 6 NYCRR 617.12 [b] [9]; *Matter of Houser v Finneran,* 99 AD2d 926). Although the EAF stated that the project is not substantially contiguous to an historic site, the evidence does not support this conclusion. Rather, the evidence indicates that the project is substantially contiguous to Plattsburgh Bay and Valcour Bay, listed as historic sites on the National Register of Historic Places. Portions of the southern boundary and the eastern boundary of the golf course are common with the border of Valcour Bay's northwestern shoreline. The two bays are visible from the shores of the project.

We reject respondents' argument that *Matter of Houser v Finneran (supra),* a case where a cable television line that was

sought to be installed near but not actually touching a historic site was held to be contiguous to the site and, consequently, properly classified as a type I action, is not applicable here because a post-*Houser* 1987 amendment to 6 NYCRR 617.12 (b) (9), adding the word "substantially" immediately before "contiguous", was meant to give a more narrow and restricted meaning to the term "contiguous". Other 1987 amendments to SEQRA regulations made at the same time expanded environmental protections and lead to the conclusion that there was no intent to overrule *Houser*. Moreover, the fact that the Department of Environmental Conservation, the agency in charge of implementing SEQRA, has indicated that it interprets "substantially contiguous" to mean "in proximity to" or "near" (*see,* Draft, *The SEQRA Handbook,* 1991) supports petitioners' position. The Planning Board's failure to apply the procedural requirements appropriate to a type I action review requires annulment of its determination and remittal.

Supreme Court was also incorrect when it reasoned that the Planning Board's error in failing to classify the project as type I was of no consequence as long as the Planning Board had taken a "hard look" at the environmental concerns (*see, Matter of Soule v Town of Colonie,* 95 AD2d 979, 981). Supreme Court erroneously relied on the mistaken conclusion that a type I classification is but one factor to be considered in determining a negative impact declaration. A type I classification requires consideration of previously mentioned procedural protections that unlisted actions may disregard (*see,* 6 NYCRR 617.5 [b]; 617.6 [b]; 617.10 [a] [2]). Taking a "hard look" in this case did not cure the failure to consider those procedural protections.

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, with one bill of costs, determination annulled and matter remitted to the Planning Board of the Town of Plattsburgh for further proceedings not inconsistent with this court's decision.