■ In the Matter of CELLULAR TELEPHONE COMPANY, Doing Business as CELLULAR ONE, Respondent, v ARMAND ROSENBERG et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Dobbs Ferry dated April 10, 1989, which denied the petitioner's application for a use variance, the appeal is from a judgment of the Supreme Court, Westchester County (Silverman, J.), dated January 29, 1992, which vacated the determination and directed that the use variance be issued to the petitioner.

Ordered that the judgment is affirmed, without costs or disbursements.

The court properly determined that the petitioner, Cellular Telephone Company (hereinafter CTC), was a public utility (see, Matter of Payne v Taylor, 178 AD2d 979; Public Service Law § 2 [17], [18], [23]; Tax Law § 186-a [2] [a] [i]; Town Law § 118 [2]). Therefore, the test for a use variance set forth in Matter of Consolidated Edison Co. v Hoffman (43 NY2d 598, 611) is appropriate: "To be granted such a use variance, the utility should be required to show that denial of the variance would cause unnecessary hardship, but not in the sense required of other applicants (see, Matter of Otto v Steinhilber, 282 NY 71, 76, supra). Instead, the utility must show that [the proposed use] is a public necessity in that it is required to

render safe and adequate service, and that there are compelling reasons, economic or otherwise * * * [for the variance]. However, where the intrusion or burden on the community is minimal, the showing required by the utility should be correspondingly reduced (cf., *Matter of Long Is. Light. Co. v Griffin*, 272 App Div 551, esp 554, affd 297 NY 897, *supra; Matter of Long Is. Light. Co. v City of Long Beach*, 280 App Div 823, *supra)."

Here, the proposed "cell site", for which the variance was sought, presented a minimal intrusion into the community. CTC is mandated to provide its cellular telephone service *(see,* Public Service Law § 91), and the "cell site" was necessary to fill "gaps" in the "grid", so that the service may be adequately provided. "[I]n resolving the question of hardship, the effect on the utility's customers is a significant factor to be considered by local zoning boards" *(Matter of Consolidated Edison Co. v Hoffman, supra,* at 608). Given the very minimal intrusion into the community, we find that the above showing is sufficient to warrant the issuance of the use variance, and the Board's determination to the contrary was arbitrary and capricious.

We have examined the appellants' remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.