■ In the Matter of WASTE MANAGEMENT OF NEW YORK, L. L. C., Petitioner, v JOHN J. DOHERTY et al., Respondents. [700

NYS2d 494] —Proceeding pursuant to EDPL 207 to review a determination of the respondent New York City Department of Sanitation dated April 24, 1998, made after a public hearing, to acquire the petitioner's property.

Adjudged that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner, Waste Management of New York, L. L. C., brought this proceeding to challenge the condemnation by the respondent New York City Department of Sanitation (hereinafter the DOS) of its 369,050 square-foot parcel, which is located in a portion of Brooklyn that is zoned for heavy industrial use. The DOS condemned the parcel in order to construct two garages, a salt storage facility, and a parking facility. It is not disputed that the proposed condemnation qualifies as a Type I action under the State Environmental Quality Review Act (ECL art 8; *see also,* 6 NYCRR 617.4 [b] [6] [v]).

The DOS previously sought to condemn this parcel in 1987, and a "conditional negative declaration" was issued which imposed four "conditions" on the project. Thereafter, the authority of the DOS to acquire the parcel lapsed (*see,* EDPL 401 [A]). The DOS renewed its application to acquire the site, and issued a "negative declaration" on January 30, 1998.

The petitioner asserts that the DOS has now incorporated the conditions imposed on the negative declaration issued in 1987 into the project, and therefore the 1998 negative declaration is in effect an impermissible conditional negative declaration, mandating a full environmental review. SEQRA regulations generally preclude the issuance of a conditional negative declaration for a Type I action (*see,* 6 NYCRR 617.2 [h]; 617.7 [d]). However, the fact that the project may have been modified to conform with the conditions imposed on the 1987 negative declaration does not mandate a full environmental review. As stated by the Court of Appeals in *Matter of Merson v McNally* (90 NY2d 742), "[m]odifications made to a project during the review process should not necessarily be characterized as impermissible 'conditions' * * * the mere circumstance that modifications may have been made to a proposal is an insufficient basis to nullify a negative declaration otherwise properly issued" (*Matter of Merson v McNally,* 90 NY2d, at 755-756).

The petitioner has failed to assert any significant potential for environmental harm that might result from the project. Indeed, the record established that at all relevant times the project would have a minimal environmental impact in the industrial area where it is to be situated. We therefore conclude that the DOS took the requisite "hard look" at the environmen-

tal effects of the proposed acquisition upon its issuance of its negative declaration in 1998. Nor was the negative declaration affected by any other error of law (*see, Matter of Merson v McNally, supra,* at 751-752; *see also, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 416; *Matter of Hoffman v Town Bd.,* 255 AD2d 752, 754).

The petitioner's remaining argument is without merit. Joy, J. P., Goldstein, McGinity and Feuerstein, JJ., concur.