■ In the Matter of PHEASANT POND OWNERS ASSOCIATION, INC., et al., Appellants, v BOARD OF TRUSTEES OF INCORPORATED VILLAGE OF SOUTHAMPTON et al., Respondents. [743 NYS2d 174] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Southampton, dated April 14, 2000, which, inter alia, determined that a certain site development plan would not have a significant adverse impact on the environment, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated February 21, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners are associations of homeowners who seek to prevent the development of neighboring parkland (hereinafter the park) by the respondents Board of Trustees of the Incorporated Village of Southampton and the Village of Southampton, in Suffolk County. The respondents have already implemented earlier phases of a plan for development of the park by constructing little league, softball, and soccer fields, as well as a parking lot. In the current proceeding, the petitioners object to a site development plan which includes a proposed restroom/storage building, playground equipment, and a fitness trail with exercise stations at intervals along its route.

The respondents retained an environmental consultant who prepared an environmental assessment form (hereinafter EAF) which comprehensively assessed the impact of planned development of the park. By resolution adopted April 14, 2000, the respondents determined that, for reasons set forth in said EAF, "this project will not result in any large and important adverse impact and will not have a significant adverse impact on the environment." By resolution also adopted April 14, 2000, the respondents adopted the site development plan and approved and authorized its implementation.

The Supreme Court correctly denied the petition and

dismissed the proceeding. There is no basis for finding that the proposed plan is part of subsequent or simultaneous development of the park so as to give rise to a claim of improper segmentation under the State Environmental Quality Review Act (ECL art 8; *see Matter of Buerger v Town of Grafton,* 235 AD2d 984, 986; *cf. Sun Co. v City of Syracuse Indus. Dev. Agency,* 209 AD2d 34, 46-47; *Matter of Farrington Close Condominium Bd. of Mgrs. v Incorporated Vil. of Southampton,* 205 AD2d 623, 626; *Matter of Teich v Buchheit,* 221 AD2d 452, 454).

The respondents' negative declaration is supported by the comprehensive EAF which took a "hard look" at the proposed plan's impact on the environment and was considered in conjunction with the earlier development (*see Waste Mgt. of N.Y. v Doherty,* 267 AD2d 464, 465-466; *Matter of Committee to Preserve Brighton Beach & Manhattan Beach v Planning Commn. of City of N.Y.,* 259 AD2d 26, 34-35; *Matter of Hoffman v Town Bd. of Town of Queensbury,* 255 AD2d 752, 754). Feuerstein, J.P., Krausman, Luciano and Crane, JJ., concur.