■ In the Matter of RUSCIANO & SON CORP., Respondent, v JOHN S. KIERNAN et al., Appellants. [752 NYS2d 377] —In a proceeding pursuant to CPLR article 78, inter alia, to review Local Law 2000, No. 4 of the Village of Pelham Manor, the appeal, by permission, is from an order of the Supreme Court, Westchester County (West, J.), entered October 3, 2001, which annulled the Local Law and remitted the matter to the Board of Trustees of the Village of Pelham Manor "for a complete and proper SEQRA review."

Ordered and Adjudged that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

On April 3, 2000, the Board of Trustees of the Village of Pelham Manor (hereinafter the Board) issued a "positive declaration" as to the environmental significance of the unrevised version of Local Law 2000, No. 4 (hereinafter the Local Law) now under review, passing a resolution to the effect that it "may have a significant impact on the Village of Pelham Manor." The Board simultaneously directed the preparation of a draft environmental impact statement (hereinafter DEIS). Thereafter, both a draft generic environmental impact statement (hereinafter DGEIS) and a final generic environmental impact statement (hereinafter FGEIS) were prepared prior to the adoption of the Local Law, as the Local Law had been revised in the interim, on September 25, 2000. The FGEIS, specifically addressing a comment submitted by a representative of the petitioner, states, among other things, that the Local Law contains a procedure whereby a property owner that suffers financial hardship "may obtain relief from the sunset provision for non-conforming uses."

The Supreme Court found that the Board did not comply with the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) in various respects, including its failure to examine either an environmental assessment form (hereinafter EAF) or a DEIS before its determination as to whether the proposed action, classified as Type I for SEQRA purposes, might have a significant effect on the environment (see ECL 8-0109 [2]; 6 NYCRR 617.6 [a] [2], [4]). We do not agree that this circumstance warrants annulment of the Local Law.

In various circumstances, a lead agency's nonprejudicial misstep in the SEQRA environmental review procedure may be

excused as harmless (*see Matter of Steele v Town of Salem Planning Bd.,* 200 AD2d 870 [mistaken classification of action as Type II harmless where agency in fact follows procedures applicable to Type I action]; *Matter of Jaffee v RCI Corp.,* 119 AD2d 854 [classification of action as unclassified harmless where agency in fact follows procedures applicable to Type I actions]; *cf. Matter of Lorberbaum v Pearl,* 182 AD2d 897 [failure to follow procedure thwarted SEQRA provisions permitting public's right to be heard]; *Inland Vale Farm Co. v Stergianopoulos,* 104 AD2d 395, *affd* 65 NY2d 718; *Glen Head-Glenwood Landing Civic Council v Town of Oyster Bay,* 88 AD2d 484). In *Matter of Golden Triangle Assoc. v Town Bd. of Town of Amherst* (185 AD2d 617), for example, the Court held that, although a town board improperly rezoned a certain parcel before it had issued a valid negative declaration under SEQRA, that defect did not require further SEQRA review where the board later made such a "negative declaration" after taking a "hard look" at the environmental issues related to the rezoning (*see also Matter of Welsh v Town of Amherst Zoning Bd. of Appeals,* 270 AD2d 844).

In the present case, to require that the Board, at this late date, comply with SEQRA procedure by drafting an EAF, after the Board has already compiled a DGEIS, which it could properly have used in lieu of an EAF (*see* 6 NYCRR 617.6 [a] [4]), after the Board already has made a determination that the proposed action *is* in fact environmentally significant, and after the Board already has reviewed and considered not only the comprehensive DGEIS noted above, but also an equally comprehensive FGEIS, would be pointless. The essential purpose of an EAF is to "assist an agency 'in determining the environmental significance or nonsignificance of actions'" (*Matter of Merson v McNally,* 90 NY2d 742, 751, quoting 6 NYCRR 617.2 [m]). Review of the data contained in the EAF is, in other words, required in order to minimize the danger that an agency conducting SEQRA review might make an improvident negative declaration (*see e.g. Matter of Defreestville Area Neighborhood Assn. v Town Bd. of Town of N. Greenbush,* 299 AD2d 631; *cf. Matter of Pheasant Pond Owners Assn. v Board of Trustees of Inc. Vil. of Southampton,* 295 AD2d 435). Once the agency has made a positive declaration, the danger against which the EAF is supposed to guard has been eliminated, and the sufficiency of the EAF reviewed prior to such declaration becomes a purely academic issue.

We also disagree with the Supreme Court's conclusion that the FGEIS was inadequate. "Not every conceivable environmen-

tal impact, mitigating measure or alternative must be identified and addressed before a FEIS will satisfy the substantive requirements of SEQRA" (*Horn v International Bus. Machs. Corp.,* 110 AD2d 87, 94 [internal quotation marks omitted]; *Coalition Against Lincoln W. v City of New York,* 94 AD2d 483, 491, *affd* 60 NY2d 805). "The degree of detail with which each factor must be discussed will * * * vary with the circumstances and nature of each proposal" (*Webster Assoc. v Town of Webster,* 59 NY2d 220, 228; *Horn v International Bus. Machs. Corp., supra* at 94). The FGEIS was properly prepared in this case (*see* 6 NYCRR 617.10 [a] [4]; *Danyla v Town Bd. of Town of Florida,* 259 AD2d 850; *Horn v International Bus. Machs. Corp., supra*) and may be "broader and more general than [a] site or project specific EIS" (6 NYCRR 617.10 [a]). The FGEIS in this case is adequate when measured in light of these standards.

The remaining allegations of the petition furnish no basis upon which to affirm the Supreme Court's order annulling the Local Law and remitting this case for further SEQRA review. The order therefore should be reversed, the petition denied, and the proceeding dismissed. Prudenti, P.J., Feuerstein, Friedmann and Adams, JJ., concur.