■ In the Matter of WEST BEEKMANTOWN NEIGHBORHOOD ASSOCIATION, INC., et al., Appellants, v ZONING BOARD OF APPEALS

---

OF THE TOWN OF BEEKMANTOWN et al., Respondents. [861 NYS2d 864]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered August 23, 2007 in Clinton County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, to, among other things, review a determination of respondent Zoning Board of Appeals of the Town of Beekmantown approving the application of respondent Windhorse Power, LLC for a conditional use permit.

Petitioners commenced this combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment challenging the determination of respondent Zoning Board of Appeals of the Town of Beekmantown (hereinafter ZBA) to grant a conditional use permit to respondent Windhorse Power, LLC to construct a wind farm on a 700-acre parcel located in the Town of Beekmantown, Clinton County. Petitioners primarily contended that the ZBA erroneously determined that Windhorse was entitled to a conditional use permit as a public utility providing an essential service, as defined by the Town Zoning Law, and that the ZBA failed to conduct an adequate review of the application pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]). Supreme Court dismissed the petition, prompting this appeal.*

Petitioners contend that the ZBA's issuance of a negative declaration and subsequent grant of the conditional use permit was improper because the determination that the proposed wind farm constituted an essential service as defined by the Town Zoning Law was arbitrary and capricious. The proposed wind farm site is located in an area zoned R-2 residential pursuant to

---

* Although petitioners' notice of appeal incorrectly recites the date of entry of Supreme Court's judgment, inasmuch as no prejudice to respondents will result, we will exercise our discretion to treat the notice of appeal as valid pursuant to CPLR 5520 (c).

the Town Zoning Law. In such zone, a conditional use permit is required for an essential service, which is defined, as is relevant here, as the "[e]rection, construction, alteration, operation or maintenance by municipal agencies or public utilities of . . . electrical or gas substations . . . and similar facilities that provide essential use and services, an [*sic*] general (unidentified) public has a legal right to demand and receive" (Town of Beekmantown Zoning Law art 2). According to petitioners, Windhorse is neither a municipal agency nor a public utility and, thus, the proposed wind farm cannot constitute an essential service.

While "public utility" is not defined by the zoning law at issue, it is undisputed that the wind turbines that Windhorse intends to construct will generate energy, a useful public service, and will be subjected to regulation and supervision by the Public Service Commission (*see* Public Service Law § 2 [2-b], [12], [23]; § 5 [1] [b]; § 66-c; *see also Matter of Cellular Tel. Co. v Rosenberg*, 82 NY2d 364, 371 [1993]). The ZBA's interpretation of the Town Zoning Law is entitled to great deference and, inasmuch as petitioners have not shown that the determination that Windhorse is a public utility for zoning law purposes is unreasonable or not rationally based, it will not be disturbed (*see Matter of Frishman v Schmidt*, 61 NY2d 823, 825 [1984]; *Matter of Sacandaga Park Civic Assn. v Zoning Bd. of Appeals of Town of Northampton*, 296 AD2d 807, 808 [2002]; *Matter of Payne v Taylor*, 178 AD2d 979, 979 [1991]; *see also Matter of Mammina v Zoning Bd. of Appeals of Town of Cortlandt*, 110 Misc 2d 534, 537 [1981]).

Petitioners also contend that the ZBA failed to conduct an adequate SEQRA review and, consequently, its issuance of a negative declaration was arbitrary and capricious. This Court's review of the ZBA's issuance of a negative declaration is limited to ascertaining whether the ZBA "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986], quoting *Aldrich v Pattison*, 107 AD2d 258, 265 [1985]; *accord Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7 NY3d 306, 318 [2006]). Here, the ZBA engaged in a lengthy SEQRA review process that involved hiring an outside consulting firm (*see* Town Law § 267-a [3]). It considered the various environmental impact studies submitted by Windhorse, such as visual impact, noise impact, cultural resources, erosion control, effects on flora and fauna and potential electromagnetic interference. The ZBA also held numerous hearings to afford

members of the public an opportunity to voice their concerns and challenge Windhorse's application (*see Matter of Mayes v Cooper*, 283 AD2d 760, 761 [2001]). At the conclusion of the environmental review process, the ZBA issued a thorough and reasoned decision outlining its rationale for issuing a negative declaration. Although petitioners apparently take issue with the fact that the ZBA did not require additional environmental impact information after various modifications to the project were made, "the mere circumstance[s] that modifications may have been made to a proposal is an insufficient basis to nullify a negative declaration otherwise properly issued" (*Matter of Merson v McNally*, 90 NY2d 742, 755-756 [1997]; *accord Matter of Waste Mgt. of N.Y. v Doherty*, 267 AD2d 464, 465 [1999]). In fact, where, as here, the modifications are voluntarily made to mitigate public concerns, no additional environmental review is required (*see Matter of Merson v McNally*, 90 NY2d at 755-756). Inasmuch as the record reflects that the ZBA took a hard look at the issues and provided a reasoned basis for its determination, its issuance of a negative declaration will not be disturbed. Furthermore, in light of the ZBA's extensive review of the proposal, its consideration of the various factors set forth in article 6 of the Town Zoning Law (*see* Town of Beekmantown Zoning Law §§ 610, 635), and the imposition of numerous conditions to ensure that the project would comply with the Town's zoning standards (*see Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead*, 43 NY2d 801, 802 [1977]; *Matter of Connors v Sullivan*, 171 AD2d 982, 982 [1991]), the ZBA's issuance of a conditional use permit to Windhorse was neither arbitrary and capricious nor an abuse of discretion (*see Matter of Morehouse v Town of Horicon Planning Bd.*, 85 AD2d 769, 770 [1981]).

Petitioners' remaining contentions, including their claims regarding the composition of the ZBA, have been considered and determined to be without merit.

Peters, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.