In the Matter of BOARD OF MANAGERS OF THE PLAZA CONDOMINIUM, Appellant, v NEW YORK CITY DEPARTMENT OF TRANSPORTATION et al., Respondents. [14 NYS3d 375]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered April 29, 2014, which denied the petition, seeking, among other things, to annul respondent Department of Transportation's decision to install a City Bike Share station across from the front entrance to petitioner's building, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The record establishes that the municipal respondents took the requisite "hard look" at the bike share program's potential environmental impacts, including to historical and architectural resources, and provided a "reasoned elaboration" of the basis for their approval of the program (*Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 231-232 [2007]). Accordingly, its determination was not arbitrary and capricious and was not affected by an error of law (*see id.*; *Akpan v Koch*, 75 NY2d 561, 570 [1990]; *see also Matter of Cambridge Owners Corp. v New York City Dept. of Transp.*, 118 AD3d 634 [1st Dept 2014]).

Contrary to petitioner's contention, the municipal respon-

dents properly examined the citywide program as a whole because individual review could fail to disclose the overall impact of the program (*see* City Environmental Quality Review Technical Manual at 2-2 to 2-3; *Matter of Cambridge Owners Corp.*, 118 AD3d at 634). Thus, each individual Bike Share station did not necessitate its own environmental review. The record also establishes that the municipal respondents considered alternate sites for this particular bike station, and rejected them for various reasons, including pedestrian congestion, safety, parking issues, and failure to comport with the siting guidelines (*see Matter of C / S 12th Ave. LLC v City of New York*, 32 AD3d 1, 5 [1st Dept 2006]).

Even assuming that the program was misclassified as Unlisted instead of being designated a Type I action, as petitioner claims, respondents properly found that no significant environmental impact will result from the program and thus no environmental impact statement was required (*see Matter of Hells Kitchen Neighborhood Assn. v City of New York*, 81 AD3d 460, 462 [1st Dept 2011], *lv denied* 16 NY3d 712 [2011]). Thus, any alleged misclassification would constitute harmless error since it was nonprejudicial (*see Matter of Rusciano & Son Corp. v Kiernan*, 300 AD2d 590, 590-591 [2d Dept 2002], *lv denied* 99 NY2d 510 [2003]; *Matter of Jaffee v RCI Corp.*, 119 AD2d 854, 855 [3d Dept 1986], *lv denied* 68 NY2d 607 [1986]). Concur—Tom, J.P., Renwick, Andrias, Manzanet-Daniels and Kapnick, JJ.