■ VILLAGE OF KENMORE, Respondent, v VERONICA NEISS et al., Appellants, and ROSE BUMBACO et al., Respondents. — Judgment unanimously reversed, on the law and facts, with costs, and a new trial granted. Memorandum: Plaintiff instituted this action seeking the removal of a fence erected by defendants Neiss in close proximity to the residence of their neighbors Rose and Philip Bumbaco. The village contended that the fence was in violation of a recently enacted zoning ordinance that prohibited a fence from being constructed less than three feet away from a neighbor's residence. Defendants Neiss interposed counterclaims asserting, among other things, that there was selective enforcement of the zoning ordinance. Following a nonjury trial, the court ordered the Neisses to remove the fence and dismissed their counterclaims alleging discriminatory enforcement. On appeal, defendants contend that the court erred in refusing to allow the Neisses to introduce evidence on the issue of selective enforcement. Upon our review of the record, we agree. A party asserting a claim of selective enforcement of a zoning ordinance has a "heavy burden" to show that "a pattern of discrimination has been consciously practiced" against them "and that the law has been administered 'with an evil eye and an unequal hand'" (*People v Goodman,* 31 NY2d 262, 269; *McDonough v Apton,* 48 AD2d 195, 198; see *Yick Wo v Hopkins,* 118 US 356, 373-374; *People v Friedman,* 302 NY 75, 81; *People v Utica Daw's Drug Co.,* 16 AD2d

12). Thus, a court should accord a party seeking to assert such a claim broad latitude and give such a party a "fair opportunity" to establish a claim of discriminatory enforcement (*People v Walker*, 14 NY2d 901, 902). Since the record demonstrates that the trial court consistently frustrated defendants Neiss' efforts to introduce evidence in support of their claim of selective enforcement, a new trial is required. (Appeal from judgment of Supreme Court, Erie County, Kramer, J. — zoning ordinance — fence.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Boomer, JJ.