■ In the Matter of NICHOLAS J. CRISCIONE et al., Appellants, v DONALD WALLACE et al., Constituting the Board of Building and Zoning Appeals of the City of Albany, Respondents. HAROLD RUBIN et al., Intervenors-Respondents.—Casey, J. P. Appeal from a judgment of the Supreme Court (Cobb, J.), entered June 10, 1987 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Building and Zoning Appeals of the City of Albany finding petitioners in violation of the local zoning ordinance.

For a number of years prior to 1984, petitioner Nicholas J. Criscione (hereinafter petitioner) conducted a law practice in his building at 314 State Street in the City of Albany. The building is located in an area zoned residential, but the city's Zoning Ordinance permits certain "home occupations", including "[o]ffice of * * * lawyer". In 1984, petitioner hired his nephew, a lawyer, to work in petitioner's law office at 314 State Street. After several complaints from the neighborhood association, the city issued a notice of violation. Petitioner appealed to the city's Board of Building and Zoning Appeals

(hereinafter the Board), which confirmed the violation, finding "[t]he use of these premises as a professional office for a second attorney, Guy Criscione, is clearly in violation of the City Zoning Ordinance provisions regulating home occupation either before or after those provisions were amended and modified during March of 1985". Petitioners commenced this CPLR article 78 proceeding seeking, *inter alia,* to annul the determination and/or have the matter remanded to the Board to make factual findings. Supreme Court dismissed the petition and this appeal ensued.

The arguments raised by petitioners on appeal are premised on a single assumption: that prior to its amendment in March 1985, the city's Zoning Ordinance permitted the employment of a second attorney in a home occupation law office. The Board, however, ruled to the contrary, finding that the employment of a second attorney violated the home occupation provisions both before and after the March 1985 amendment. We have held that the Board's interpretation of the home occupation provisions of the Zoning Ordinance must be upheld if it is neither irrational nor unreasonable *(Matter of Aboud v Wallace,* 94 AD2d 874, 875). Prior to March 1985, the home occupation provisions of the Zoning Ordinance defined "permitted uses" as follows:

"Includes not more than one (1) of the following uses provided that such uses are clearly incidental and secondary to the use of the dwelling unit for residential purposes:

"a. Medical and dental offices in accordance with provisions for off-street parking as required herein.

"b. Custom dressmaking.

"c. Artist, musician or tutor for not more than

two (2) students simultaneously.

"d. Office of engineer, architect or lawyer.

"e. Real Estate, insurance or accounting.

"f. Photography.

"g. Telephone answering service."

After March 1985, the definition of "permitted uses" was virtually identical, except for the addition of "[o]ther uses consistent with the scope and intent of this section as determined and approved by the Board". The amended version also included a new section, entitled "Employees on site", which provided: "No more than one (1) employee or assistant in addition to the home occupant may be engaged on the premises in the home occupation at any given time. No other

partner, principal or professional who receives clients, patients or customers separate from the home occupant may be employed on site."

Petitioner assumes that since the amended version of the home occupation provisions contains an express limitation on employees, the former version contained no such limitation. This construction of the statute may be reasonable, but in our view it is not the only rational interpretation. The preamendment version of the ordinance refers to "[o]ffice of * * * lawyer", in the singular, and limits the use to that which is "clearly incidental and secondary to the use of the dwelling unit for residential purposes". In our view, this language can reasonably be construed, as the Board did, to prohibit the employment of a second lawyer to work in the home occupation. Based upon the construction of the preamendment version of the ordinance, the amendment expressly limiting employees in the home occupation can be viewed either as "a legislative amplification of its previous intent" *(Matter of Eastern Milk Producers Coop. Assn. v State of New York Dept. of Agric. & Mkts.,* 58 NY2d 1097, 1101), or as an expansion of the home occupation use to permit one employee or assistant who is not a partner, principal or professional.

Since the Board's determination is based solely upon its interpretation of the home occupation provisions of the Zoning Ordinance, as applied to the undisputed facts in this case, and since we have found the Board's interpretation to be neither irrational nor unreasonable, Supreme Court's judgment dismissing the petition must be affirmed.

Judgment affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.