■ In the Matter of DENISE BAKER, Respondent, v ALBERT POLSINELLI, as Town of Glenville Building Inspector, et al., Appellants.—Levine, J. Appeal from a judgment of the Supreme Court (Doran, J.), entered September 10, 1990 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Town of Glenville Zoning Board of Appeals denying petitioner's request to use her home as a dance studio.

Petitioner is the owner of a residence on Kile Drive in the Town of Glenville, Schenectady County. The house is located

in a residentially zoned district where, pursuant to Town of Glenville Zoning Ordinance § 6.2, home occupations are permitted under certain circumstances. Petitioner purchased the residence in late 1983 and began conducting dance classes in her home shortly thereafter. In September 1989, petitioner was served by respondent Town Building Inspector with a notice of violation of Town of Glenville Zoning Ordinance § 6.2. Petitioner then appealed to respondent Town Zoning Board of Appeals (hereinafter the Board) seeking a determination that her dance instruction was a permitted home occupation under section 6.2. After a public hearing, the Board voted to interpret the ordinance as not permitting the dance classes as a home occupation. The reasons of three of the four Board members who voted against petitioner's application were set forth in the minutes of the Board's April 1990 meeting. Subsequently, petitioner commenced the instant CPLR article 78 proceeding to annul the Board's determination. Supreme Court granted the petition, concluding that petitioner's dance studio was a permitted home occupation under the ordinance. This appeal ensued.

Section 6.2.1 of the Town's zoning ordinance governing home occupations provides that a home occupation is permitted in a residential district as a matter of right so long as it meets seven specified conditions. Three of the conditions are relevant herein in requiring that the occupation be one which "[i]s customarily carried on in a dwelling unit or a building or other structure accessory to a dwelling unit", "[i]s clearly incidental and accessory or secondary to the use of the dwelling unit for residential purposes" and "[d]oes not produce offensive noise, odor, vibration, smoke, dust, heat or glare". In voting to disallow petitioner's dance studio as a permitted home occupation under the ordinance, the Board members who opposed petitioner's application relied on the foregoing provisions, reasoning essentially that (1) a dance studio of the size of petitioner's is not customarily carried on in a dwelling unit, (2) the use of petitioner's home as a dance studio was not clearly incidental to its use as a residence, and (3) the increased traffic on Kile Drive generated by the dance studio may produce offensive noise, odor, smoke, dust and vibration.

Initially, we note that the latter two reasons set forth by the Board are without factual support in the record. There was no evidence presented to the Board which would indicate that petitioner's use of the house for dance instruction was anything but incidental to its primary use as a residence. Nor was there sufficient proof that the increased traffic on Kile

Drive, which was conceded by petitioner, had produced or would produce offensive noise, odor, smoke, dust or vibration.

We reach a different conclusion, however, with regard to the primary ground set forth by the Board that petitioner's dance studio, because of its size, was not an occupation "customarily carried on in a dwelling unit" and, hence, did not constitute a home occupation within the meaning of the ordinance. The evidence before the Board was that petitioner instructed approximately 160 dance students per week, holding classes 30 weeks out of the year, five days per week for 3½ to 5 hours per day. The average size of petitioner's classes was eight students. "[T]he Board's interpretation of the home occupation provisions of the [z]oning [o]rdinance must be upheld if it is neither irrational nor unreasonable" (*Matter of Criscione v Wallace*, 145 AD2d 697, 698; *see, Matter of Aboud v Wallace*, 94 AD2d 874, 875). In view of the proof here, we cannot say that it was irrational for the Board to find that petitioner's operation was more extensive than what was intended to be permitted under the ordinance as a home occupation (*see, Matter of Aboud v Wallace, supra; see also, Draving v Lower Southhampton Twp. Zoning Hearing Bd.*, 40 Pa Commw 243, 397 A2d 54; *City of Florence v Turbeville*, 239 SC 126, 121 SE2d 437). Accordingly, the Board's determination should be sustained. Because it is clear that the Board would have denied petitioner's application to use her home as a dance studio solely upon the foregoing basis, the invalidity of the other two grounds set forth by the Board is of no consequence (*cf., Matter of Van Euclid Co. v Sargent*, 97 AD2d 913, 915).

Mahoney, P. J., Casey, Mercure and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination confirmed and petition dismissed.