◼ In the Matter of NICHOLAS J. CRISCIONE, Respondent-Appellant, v CITY OF ALBANY BOARD OF ZONING APPEALS, Appellant-Respondent.—Crew III, J. Cross appeals from a judgment of the Supreme Court (Keniry, J.), entered February 15, 1991 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding that petitioner was in violation of City of Albany zoning ordinance.

For a number of years prior to 1989, petitioner conducted a law practice in a building owned by him at 314 State Street in the City of Albany. Petitioner at no time resided in that building. The building is located in an area zoned for residential use, but the zoning ordinance permits certain "home occupations" including law offices. In 1989 the Center Square Association filed a complaint with the City's Building Commissioner alleging that petitioner was in violation of the zoning ordinance. The Commissioner issued a notice of violation and petitioner appealed to respondent, which confirmed the violation finding that "[petitioner] fails to meet the definition of home occupation as it existed in 1977 as the law office is *not* 'clearly incidental and secondary to the use of the dwelling unit for residential purposes' " (emphasis in original). Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination and restraining respondent from enforcing the Commissioner's order. Supreme Court granted petitioner's application and these cross appeals ensued.

We have previously held that respondent's interpretation of the home occupation provisions of the zoning ordinance must be upheld if it is neither irrational nor unreasonable (see, *Matter of Criscione v Wallace*, 145 AD2d 697, 698). A home occupation is defined as "[a]ny use customarily conducted entirely within a dwelling * * * and carried on by the inhabitants thereof, which use is clearly incidental and secondary to the use of the dwelling for dwelling purposes". Additionally, in delineating the permitted home occupations, the ordinance provides that such uses must clearly be incidental and secondary to the use of the dwelling for residential purposes. Petitioner, however, focuses upon the provision of the ordinance which defines a dwelling as "[a]ny building or portion thereof

*designed* \* \* \* as the residence or sleeping place of one or more persons" (emphasis supplied). Thus, petitioner argues, inasmuch as his unit is so designed, his use thereof for a law office comes within the home occupation permitted uses. At the very least, he urges, there is an ambiguity within the ordinance which must be construed against respondent *(see, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 77 NY2d 114).

We perceive no such ambiguity. While petitioner's unit satisfies the definition of a dwelling, the ordinance clearly provides that when the owner of such a dwelling uses it for a permitted home occupation, he may do so only where such use is "clearly incidental and secondary to the use of the dwelling unit for dwelling purposes". The language of the ordinance is clear and unambiguous. Given the fact that petitioner does not reside in the dwelling unit where his law office is occupied, the law office is clearly not incidental and secondary to the unit's use for dwelling or residential purposes and respondent's interpretation is neither irrational nor unreasonable.

Finally, petitioner argues that because the zoning ordinance was amended in 1985 to require that a person engaging in a home occupation must maintain their primary residence in the dwelling unit, it must be inferred that there was no such residency requirement prior to the amendment. We disagree. Prior to the amendment, the ordinance required only that the home occupation use be clearly incidental and secondary to the use of the dwelling for residential purposes. Because there was no limiting language in the ordinance, secondary or transitory residential use would qualify for permitted home occupations. The amendment added the requirement of a primary residency, which does not indicate a lack of any residency requirement prior thereto.

Petitioner further claims that he was subject to selective enforcement of the zoning ordinance based upon his proof that numerous other professionals similarly situated do not reside at the address where they practice and have not been issued cease and desist orders as was petitioner. As a procedural matter, we note that petitioner was not entitled to cross-appeal with regard to that issue because he is not an aggrieved party *(see, Schenectady Chems. v Imitec, Inc.,* 133 AD2d 920, 921). Petitioner is, however, entitled to have Supreme Court's determination affirmed on any ground he properly raised before that court and we will, therefore, consider his claim of selective enforcement *(see, Parochial Bus Sys. v*

*Board of Educ.,* 60 NY2d 539, 545-546; *Fenton v Consolidated Edison Co.,* 165 AD2d 121, 125, *lv denied* 78 NY2d 856).

To prevail on his selective enforcement claim, petitioner must prove that (1) the zoning ordinance was not applied to others similarly situated, and (2) the selective enforcement of the zoning ordinance against him was deliberately based upon an impermissible standard *(see, Matter of 303 W. 42nd St. Corp. v Klein,* 46 NY2d 686, 693; *see also, Village of Kenmore v Neiss,* 96 AD2d 1146). Petitioner submitted materials pointing to other alleged violators similarly situated. In the absence of evidence of clear and intentional discrimination, however, such material is insufficient by itself to demonstrate that petitioner was the subject of selective enforcement *(see, Matter of Di Maggio v Brown,* 19 NY2d 283, 290-291). A review of the record demonstrates that petitioner was singled out based upon a complaint filed with the Building Commissioner by a neighborhood association. The Commissioner was required to investigate that complaint and charged with enforcing the zoning ordinance *(see,* City of Albany Zoning Ordinance §§ 27-134, 27-146). It is clear that petitioner was not singled out through any efforts or activities of governmental officials or singled out based upon any impermissible standard, and petitioner has neither alleged such nor submitted any proof in that regard. Accordingly, we find that petitioner failed to demonstrate a prima facie claim of selective enforcement of the zoning ordinance against him *(see, Matter of Feigman v Klepak,* 62 AD2d 816, 819).

Mikoll, J. P., Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.