■ In the Matter of TINA FEINBERG, Appellant, v BOARD OF APPEALS OF THE TOWN OF SANFORD, Respondent. [759 NYS2d 706] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered June 25, 2002 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for a special use permit.

Petitioner applied for a special use permit to construct a boat dock and lift, covered by a permanent roof, at her property located on the shores of Oquaga Lake in the Town of Sanford, Broome County. Following a public hearing, respondent denied the application upon the ground that petitioner had failed to establish compliance with some of the pertinent conditions attached to such a use. Petitioner's CPLR article 78 peti-

tion to annul respondent's determination was dismissed by Supreme Court, and this appeal ensued.

The sole issue raised by petitioner on appeal is whether respondent's determination was supported by substantial evidence. While an owner seeking a special use permit is faced with a burden less onerous than one seeking a variance, the applicant nevertheless bears the initial burden of establishing compliance with any legislative conditions placed on the permitted use (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195 [2002]; *Matter of PDH Props. v Planning Bd. of Town of Milton*, 298 AD2d 684, 685 [2002]; *Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals*, 109 AD2d 164, 166 [1985], *affd* 66 NY2d 893 [1985]). If the petition sets forth proof establishing that the applicant complied with the pertinent conditions, the analysis then shifts to whether reasonable grounds are set forth for the zoning board's denial of the permit (*see Matter of Schadow v Wilson*, 191 AD2d 53, 57 [1993]). Where the zoning board's determination is supported by substantial evidence, a reviewing court "may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, supra* at 196).

The legislative conditions that respondent concluded were not established by petitioner included showing that the "location, size of the use and structure, * * * size of the site in relation to it, and the location of the site * * * are such that it will be in harmony with the orderly development of the district" and that the "location, nature and height of the buildings * * * will not discourage the appropriate development and use of adjacent land * * * or impair their value." Based upon the proof presented in the petition and currently before us in the record, we agree with Supreme Court that petitioner failed to meet her threshold burden of showing compliance with these conditions. Although her architect appeared before respondent ostensibly to address some of these conditions, there is no affidavit from the architect in the record nor does petitioner's recitation of his purported comments establish that he adequately addressed all the pertinent conditions. Simply stated, we are unable to conclude based upon the scant evidence in the record that petitioner established her compliance with the legislative conditions attached to the granting of a special use permit, or otherwise established any basis upon which to grant the relief requested.

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.