■ In the Matter of EDMUND F. BURKE, Respondent, v PATRICIA DICKMAN et al., Constituting the Village Board of the Village of Orchard Park, Appellants. [775 NYS2d 648]—

Appeal from a judgment of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered May 2, 2003 in a proceeding pursuant to CPLR article 78. The judgment granted the petition to annul the determination denying petitioner a special use permit.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner applied to the Village Board of the Village of Orchard Park (Village Board) for a special use permit to construct an apartment complex, consisting of two buildings housing 14 two-bedroom units and a rear building to be used as a 12-car garage. The Village Board denied the application, and petitioner commenced this CPLR article 78 proceeding to annul the determination of the Village Board. Supreme Court erred in granting the petition and directing the Village Board to issue a special use permit. We agree with respondents that petitioner failed to show compliance with at least some of the legislative conditions required for the granting of a special use permit. In seeking such a permit, a petitioner must "show compliance with any legislatively imposed conditions on an otherwise permitted use" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190, 195 [2002]). Once a petitioner shows compliance with the conditions imposed, the special use permit must be granted unless there are reasonable grounds for denying it that are supported by substantial evidence (*see Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola,* 309 AD2d 804, 805 [2003]; *Matter of Feinberg v Board of Appeals of Town of Sanford,* 306 AD2d 593, 594 [2003]; *see also Matter of Twin County Recycling Corp. v Yevoli,* 90 NY2d 1000, 1002 [1997]). Failure to comply with any condition, however, is a sufficient ground for denial of the permit (*see Retail Prop. Trust,* 98 NY2d at 195; *Matter of Wegmans Enters. v Lansing,* 72 NY2d 1000, 1001-1002 [1988]). There is substantial evidence in the record to support the Village Board's determination that petitioner failed to show compliance with the legislative conditions that the proposed project be compatible with adjoining land uses, that the proposed project is needed at the present time, and that the proposed project will not impede the orderly flow of traffic and normal traffic patterns (*see Wegmans Enters.,* 72 NY2d at 1002; *Leon Petroleum,* 309 AD2d at 806; *Feinberg,* 306 AD2d at 594). Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Hayes, JJ.