■ In the Matter of MANFRED OHRENSTEIN et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF CANAAN et al., Respondents. [833 NYS2d 763]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Hummel, J.), entered January 27, 2006 in Columbia County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Canaan granting a special use permit to respondents Nathan Hoogs and Elizabeth Hoogs.

Respondent Zoning Board of Appeals of the Town of Canaan (hereinafter ZBA) approved the application of respondents Nathan Hoogs and Elizabeth Hoogs for a special use permit authorizing the production of hand-blown glass as a home occupation in an accessory building to be constructed on their property. Petitioners, who own property directly opposite the Hoogses, commenced this CPLR article 78 proceeding seeking to annul the special use permit, contending first that a glassblowing studio is not a "home occupation" within the meaning of the zoning ordinance and is not in harmony with the neighborhood and, second, that the ZBA failed to make findings of fact in support of its decisions, and, in any event, the decision is not supported by evidence in the record. Supreme Court dismissed the petition and petitioners appeal.

We have previously held that "[a ZBA's] interpretation of the home occupation provisions of [its] zoning ordinance must be upheld if it is neither irrational nor unreasonable" (*Matter of Criscione v City of Albany Bd. of Zoning Appeals*, 185 AD2d

420, 420 [1992]; *see Matter of Baker v Polsinelli*, 177 AD2d 844, 846 [1991], *lv denied* 80 NY2d 752 [1992]; *Matter of Criscione v Wallace*, 145 AD2d 697, 698 [1988]; *Matter of Aboud v Wallace*, 94 AD2d 874, 875 [1983]; *see also Matter of Mack v Board of Appeals, Town of Homer*, 25 AD3d 977, 980 [2006]). Accordingly, our review of the ZBA's determination "is limited to an examination of whether it has a rational basis and is supported by substantial evidence" (*Matter of Sullivan v City of Albany Bd. of Zoning Appeals*, 20 AD3d 665, 666 [2005], *lv denied* 6 NY3d 701 [2005]; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Committee to Protect Overlook, Inc. v Town of Woodstock Zoning Bd. of Appeals*, 24 AD3d 1103, 1105 [2005], *lv denied* 6 NY3d 714 [2006]). Additionally, since zoning laws are in derogation of the common law, they must be strictly construed against the party seeking to enforce them and " 'any ambiguity in the language employed must be resolved in favor of the property owner' " (*Matter of Town of Johnsburg v Town of Johnsburg Zoning Bd. of Appeals*, 299 AD2d 796, 799 [2002], quoting *Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties*, 268 AD2d 771, 774 [2000], *lv denied* 94 NY2d 764 [2000]; *see Matter of Nicklin-McKay v Town of Marlborough Planning Bd.*, 14 AD3d 858, 863 [2005]).

Here, the Town's zoning law defines a "home occupation," in pertinent part, as follows:

"An occupation or profession conducted in any zone subject to the limitations which follow and which:

"a) Is customarily carried on within the finished living area of a single family residential dwelling or its accessory building . . .

"c) Is clearly incidental and secondary to the use of the dwelling unit for residential purpose, and

"d) Which conforms to the following additional conditions:

"1. The occupation or profession shall be carried on wholly within the principal building or its accessory building" (Town of Canaan Zoning Law, art II, § 31).

Petitioners assert that the ZBA wrongly interpreted the definition of "home occupation" since the glass-blowing business cannot be considered either customarily associated with or incidental and secondary to the use of their property for residential purposes.

In our view, however, the evidence before the ZBA clearly supports its interpretation and application of the "home occupation" definition. The glass-blowing business will be conducted entirely within the accessory building to be constructed adjacent

to the Hoogses' residence. This accessory building, although barn-like in appearance, will be painted and trimmed to match the residence. The fact that deliveries of products or supplies will be made to the accessory building does not undermine the ZBA determination that all of the operations will be conducted within the building, including the storage of materials. Nor is there any record support for petitioners' conclusion that the enterprise is so significant that it precludes characterization as a type of occupation or profession customarily associated with the use of residential property. Here, the business would be primarily wholesale, retail sales being limited to once each quarter year. The equipment associated with the glass-blowing business—a furnace and an annealing oven—are not so dissimilar to equipment normally found in a residential home as to require a contrary determination. Since the ZBA interpretation of home occupation is entitled to great deference (*see Matter of Mack v Board of Appeals, Town of Homer, supra* at 980; *Matter of Kantor v Olsen*, 9 AD3d 814, 815 [2004]) and is neither irrational nor lacking the required support of substantial evidence, we must affirm. Although the record may suggest that a contrary conclusion would not be unreasonable, we do not substitute our judgment for that of the ZBA (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]; *Matter of Feinberg v Board of Appeals of Town of Sanford*, 306 AD2d 593, 594 [2003]).

With respect to petitioners' second argument, we agree that the ZBA's decision fails to contain specific factual findings supporting its grant of the special use permit. However, the determination need not be annulled if a review of the record demonstrates that the ZBA did make specific factual findings supporting its determination (*see Matter of Iwan v Zoning Bd. of Appeals of Town of Amsterdam*, 252 AD2d 913, 914 [1998]; *Matter of East Coast Props. v City of Oneida Planning Bd.*, 167 AD2d 641, 643 [1990]). In addition to the record, we may also look to the administrative agency's formal return in the CPLR article 78 proceeding to ensure that the necessary record support for its decision exists (*see Matter of Iwan v Zoning Bd. of Appeals of Town of Amsterdam, supra* at 914). Having reviewed the record and the return, we conclude that the ZBA appropriately considered the factors necessary to its determination. Each of the criteria listed in the zoning law was considered and each conclusion with respect thereto has substantial support in the record. Under these circumstances, there is no basis upon which to annul the determination simply because the ZBA failed to include formal findings of fact in its decision.

Lastly, we find unpersuasive petitioners' claim that the proposed use will not be harmonious with the general residential character of the neighborhood. Notably, the proposed accessory building will be the same color as the main residence and, except for a small identifying sign, since the business will be conducted wholly within the accessory building, no external features will suggest to an onlooker that the property is anything other than residential in nature.

Cardona, P.J., Spain and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.