█ In the Matter of STEVEN A. SALTON, Appellant, v TOWN OF MAYFIELD ZONING BOARD OF APPEALS, Respondent. [983 NYS2d 656]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered December 7, 2012 in Fulton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding that petitioner was conducting an unauthorized home occupation.

A code enforcement officer employed by the Town of Mayfield, Fulton County informed petitioner that the Town deemed that he was operating a home occupation without authorization. The alleged home occupation consisted of petitioner running a business by keeping exotic animals, including three tigers and two leopards, on his property under state and federal licenses that required his exhibition of the large cats, and allegedly collecting fees from people to view the animals. Respondent upheld the code enforcement officer's determination, finding that petitioner's activities qualified as a home occupation and did not predate the enactment of the zoning law. Petitioner commenced this proceeding to annul respondent's determination. Supreme Court dismissed the petition. Petitioner appeals.*

Courts should only overturn an action by a zoning board of

---

* We agree with respondent's assertion that petitioner impermissibly included documents in the record that were not before respondent as part of its administrative review (see Matter of Center of Deposit, Inc. v Village of Deposit, 108 AD3d 851, 853 [2013]). Accordingly, we have not considered pages 97-199 of the record.

appeals if the action was arbitrary, capricious, illegal, irrational or unsupported by the record (*see Matter of Schaller v Town of New Paltz Zoning Bd. of Appeals*, 108 AD3d 821, 823 [2013]; *Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan*, 39 AD3d 1041, 1041-1042 [2007]). Courts grant deference to a board's interpretation of an ambiguous zoning law, but no deference is required if the question is merely the pure legal interpretation of an ordinance (*see Matter of Subdivisions, Inc. v Town of Sullivan*, 92 AD3d 1184, 1185 [2012], *lv denied* 19 NY3d 811 [2012]). Zoning regulations must be strictly construed against the enacting municipality and any ambiguity must be resolved in favor of the property owner (*see id.*; *Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan*, 39 AD3d at 1042; *Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties*, 268 AD2d 771, 774 [2000], *lv denied* 94 NY2d 764 [2000]).

Pursuant to the Town's Zoning Law, "[h]ome [o]ccupations are defined as businesses where the owner resides on the property and where the activities of the business are conducted inside the residence, a legally constructed accessory building, or at off-site locations" (Zoning Law [2008] of the Town of Mayfield § 202 [A] [42]). Anyone considering a home occupation must present their concept to the Town Planning Board for approval (*see* Zoning Law [2008] of the Town of Mayfield § 202 [A] [42]). The pertinent questions here are whether petitioner was operating a home occupation and, if so, whether his actions were grandfathered in by predating the enactment of the Zoning Law.

Petitioner lives on the same property that contains the cages holding the large cats. The record contains conflicting evidence regarding whether petitioner is operating a business. Petitioner asserts that he does not have any employees, file business taxes or have business insurance, makes no profit and does not charge people to view the animals. On the other hand, he listed a business name on one of his license applications. His business card—which displays the business name, with petitioner as owner—lists prices for adults and children to see the animals. This evidence supports a finding that he is operating a business concerning the exhibition of the animals.

Petitioner contends that the activities occur in the cages on his property, not in any building on the property or any off-site location. There is no evidence in this record to show that business activities are conducted "inside the residence" or "at off-site locations," so such activities must be conducted in "a legally constructed accessory building" to fall within the ordinance

(Zoning Law [2008] of the Town of Mayfield § 202 [A] [42]). An "[a]ccessory [s]tructure" is defined as a building "which is located on the same lot" as, and "the use of which is incidental to that of," a one- or two-family dwelling (Zoning Law [2008] of the Town of Mayfield § 202 [A] [1]). "Building" is defined as a one- or two-family dwelling or portion thereof "intended to be used for human habitation" but also "shall include accessory structures thereto" (Zoning Law [2008] of the Town of Mayfield § 202 [A] [10]). While cages would not generally be considered buildings, the Zoning Law contains a section on "[w]ord [u]sage" stating that "[t]he word 'building' includes the word 'structure' " (Zoning Law [2008] of the Town of Mayfield § 201). That provision clarifies any ambiguity concerning the definitions of the relevant terms here, as a cage that is built into the ground—like these cages apparently are—can be considered a structure, and the cages are on the same lot as and incidental to the use of petitioner's residence (*compare Faler v Haines*, 104 AD3d 1120, 1120 [2013]; *Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan*, 39 AD3d at 1042-1043). The code enforcement officer did not assert that the cages were illegally constructed. Thus, as petitioner is carrying on business activities in legally constructed accessory structures, he is operating a home occupation.

As to the timing, the record supports respondent's determination that petitioner's business activities did not predate the enactment of the Zoning Law on August 9, 2005. Petitioner asserts that he has possessed a macaw since the mid-1990s, but the animals at issue here are the large cats that are in outdoor cages. While petitioner asserts that he obtained his first tiger in July 2005, the record indicates that he did not apply for his state license until 2006, did not obtain his federal license until 2007, was cited by the Department of Environmental Conservation on August 3, 2005 for having a tiger without any permits and surrendered the tiger temporarily on August 15, 2005 while his court case was pending. He, therefore, did not lawfully have any large cats in his possession when the Zoning Law was enacted on August 9, 2005. Accordingly, respondent's determination that petitioner was required to comply with that ordinance had a rational basis, was supported by record evidence, and was not arbitrary, capricious or illegal (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Citizens Against Illegal Zoning v Zoning Bd. of Appeals of Town of Rochester*, 276 AD2d 897, 899 [2000]).

Petitioner's remaining contentions have been reviewed and found to be without merit.

Peters, P.J., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.