■ In the Matter of TIER OIL CORPORATION, Appellant, v ROBERT P. EGAN, as Mayor and Trustee of the Village of Johnson City, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Kuhnen, J.), entered April 21, 1983 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' denial of a special use permit application. Petitioner operates a gasoline service station as a prior nonconforming use in a portion of the Village of Johnson City which is zoned residential. Petitioner seeks a special permit to allow it to modify the interior of its service station to create a combination gasoline station and convenience store. Thus, in addition to the present sale of petroleum products, petitioner intends to sell "pre-packaged food, beer, non-alcoholic beverages, and various sundry items". Although no increase in the size of the structure is contemplated, petitioner proposes interior renovations, including the paneling over of the existing overhead garage doors, to convert the structure from a two-bay service station to a convenience food market. In due course, respondent village board of trustees denied petitioner's request. This CPLR article 78 proceeding was then commenced. Special Term denied the application and this appeal by petitioner ensued. Section 21-217 of the Zoning Ordinance for the Village of Johnson City provides, inter alia, that: "A nonconforming use may not be changed to a more intensive nonconforming use * * *. A nonconforming use, building or structure shall not be enlarged except upon the issuance of a special permit by the village board of trustees". Contrary to petitioner's argument, we agree with Special Term that the board did not misconstrue the term "intensification" (see Gilmore v Beyer, 46 AD2d 208; 1 Anderson, New York Zoning Law and Practice [2d ed], § 6.30, pp 215-216). Moreover, a review of the record adequately supports the board's conclusion that the proposed activity would indeed constitute "intensification" of petitioner's nonconforming use. The judgment should, therefore, be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.