■ In the Matter of Thomas Ceraso, Respondent, v Joel Hecker et al., Constituting the Zoning Board of Appeals of the Village of Rye Brook, Appellants. [637 NYS2d 516] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Donovan, J.), entered July 1, 1994 in Westchester County, which converted an application, brought pursuant to CPLR article 78, into an action for declaratory judgment and annulled a resolution by the Zoning Board of Appeals of the Village of Rye Brook.

Petitioner is the owner of three contiguous lots located on or near the corner of Ridge Street and Bowman Avenue in the Village of Rye Brook, Westchester County. One lot, tax lot 7B-2, is in a commercial zone and is improved with a gasoline service station under a special permit granted to petitioner in 1958. The middle substandard lot, tax lot 7B-1, is in a residential zone and petitioner received a variance for this lot in 1967 so that he could park vehicles on it in connection with the service station. Petitioner acquired the next adjacent lot, tax lot 7A, in 1988. This substandard corner lot is also situated in a residential zone and petitioner ultimately applied to the Village's Zoning Board of Appeals (hereinafter the Board) for an interpretation or ruling from the Board that he could also use lot 7A as a parking area on the basis of section 66-6 (G) (1) (d) (5) of the Village's zoning ordinance, which states, in relevant part, that: "In any [Residential] District, a parcel of land that lies contiguous to the boundary of a [Commercial] District, and that is contiguous at not more than one (1) property line thereof to a side lot line in [a Residential] District, may be used for parking of motor vehicles * * * for a distance of not exceeding two hundred (200) feet from the boundary of said [Commercial] District. A parcel of land shall not be considered contiguous to a [Commercial] District if it is separated from the [Commercial] District by a street or alley."

Petitioner argued before the Board that the "parcel of land" to which his application pertains embraces the two residential lots, lot 7B-1 and lot 7A, because the phrase parcel of land means contiguous and commonly owned land holdings and, thus, a parcel of land may include more than one lot.* Nevertheless, the Board concluded that in the zoning provision at is-

---

* Alternatively, petitioner argued that, by virtue of receiving one tax bill for both lot 7B-1 and lot 7A, the two lots must be deemed to have merged

sue, the word "lot" was synonymous with the phrase "parcel of land" and, therefore, lot 7A could not qualify for the parking use because it was separated from the boundary of the commercial zone by the residentially zoned lot 7B-1 and was also contiguous with two residential side lot lines (lots 7B-1 and 6A-1).

Petitioner then commenced this CPLR article 78 proceeding to challenge, *inter alia*, the definitional interpretation given by the Board to the phrase "parcel of land" as contained in section 66-6 (G) (1) (d) (5) of the Village's zoning ordinance. Supreme Court converted the proceeding into a declaratory judgment action (*see*, CPLR 103 [c]) and declared that the phrase "parcel of land" is not necessarily synonymous with the defined term "lot". This appeal by respondents followed.

We affirm. While it is true that the interpretation of a zoning ordinance by a zoning board is entitled to great deference from the courts, such interpretation can be struck down if it is shown to be irrational or unreasonable (*see, Matter of Burke v Denison*, 218 AD2d 894, 895-896). Here, Supreme Court correctly concluded after an examination of the definition of "lot" contained in respondents' zoning ordinance, as well as other portions of the ordinance which use the words "lot" or "parcel of land", that respondents' position that these terms are always synonymous is irrational. For example, the Village's zoning ordinance defines a "lot" as a "parcel of land" that meets certain described conditions. As noted by Supreme Court, the subject lot 7A, being substandard, does not meet this definition of a "lot", yet it cannot be disputed that it is, at minimum, a "parcel of land". Since the Board's interpretation of the meaning of a "parcel of land" in its ordinance it clearly irrational or unreasonable, we agree that it must be declared invalid.

We have examined respondents' remaining arguments and have found them either unpersuasive or not properly before us.

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

into one lot and thus would be a parcel of land for purposes of the Village's zoning ordinance. The Board did not address petitioner's merger contention in its opinion and Supreme Court specifically stated that it was not deciding this issue.