■ In the Matter of SACANDAGA PARK CIVIC ASSOCIATION, INC., Appellant, v ZONING BOARD OF APPEALS OF TOWN OF

NORTHAMPTON et al., Respondents. [745 NYS2d 338] —Carpinello, J. Appeal from a judgment of the Supreme Court (Sise, J.), entered June 27, 2001 in Fulton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Northampton granting an area variance to respondent Sport Island Pub and Restaurant.

After a public hearing in December 2000, respondent Zoning Board of Appeals of the Town of Northampton (hereinafter the ZBA) granted the application of respondent Sport Island Pub and Restaurant for an area variance to permit construction of an addition to its restaurant. Petitioner commenced this CPLR article 78 proceeding to review the determination and, after resolving several procedural issues, Supreme Court reserved decision on the merits and remitted the matter to the ZBA to explain the basis for the determination. Upon the ZBA's compliance with the remittal order, Supreme Court concluded that the determination was rationally based and dismissed the petition, prompting this appeal by petitioner.

We reject petitioner's claim that the restaurant is located in a commercially zoned district under the relevant zoning ordinance, rather than in a resort district as found by the ZBA. The photocopy of a section of the zoning map upon which petitioner relies is ambiguous at best and the ordinance gives the ZBA the authority to resolve any uncertainty with regard to the exact location of a district boundary line. Contrary to petitioner's claim, the record demonstrates that the ZBA exercised this authority and did not merely defer to the building inspector's opinion. The ZBA's interpretation is entitled to great deference and will not be disturbed where, as here, it is not shown to be irrational or unreasonable (*compare, Matter of Burke v Denison*, 218 AD2d 894, *with Matter of Ceraso v Hecker,* 224 AD2d 800).

Petitioner also claims that the ZBA erred in granting the variance without first referring the application to the Fulton County Planning Board pursuant to General Municipal Law § 239-m. As alleged in the petition, the basis for this claim is that the proposed addition is within 500 feet of the boundary of a recreation area (*see,* General Municipal Law § 239-m [3] [b] [ii]). According to the petition, the recreation area is the Great Sacandaga Lake, a state-owned lake. However, in light of the strict construction which must be given to General Municipal Law § 239-m and the absence of any definition of recreation area in the statute, we conclude that the location of the property within 500 feet of a state-owned lake is

insufficient to trigger application of the referral requirement of the statute (*see, Matter of Friends of Woodstock v Town of Woodstock Planning Bd.*, 152 AD2d 876, 880-881).

With regard to petitioner's remaining claim, the record establishes that, upon remittal from Supreme Court, the ZBA complied with Town Law § 267-b (3) by considering the five factors enumerated in the statute and weighing the benefit to the applicant against the detriment to the health and welfare of the neighborhood and community in determining to grant the area variance. Reviewing the evidence in the record in light of the ZBA's compliance with its obligation to apply the statutory balancing test, we conclude that there is a rational basis for the determination granting the variance and, therefore, our review is at an end (*see, Matter of Filangeri v Foster*, 257 AD2d 895; *Matter of Rogers v Baum*, 234 AD2d 685). That there may also be evidence in the record to support a denial of the variance, as argued by petitioner, is irrelevant since this Court may not substitute its judgment for that of the ZBA where, as here, the determination is neither irrational nor arbitrary and capricious (*see, Matter of Rogers v Baum, supra* at 686). Accordingly, Supreme Court's judgment dismissing the petition shall be affirmed.

Cardona, P.J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.