In the Matter of DEBORAH KANTOR et al., Appellants, v ED OLSEN, as Codes Enforcement Officer of the Town of Otsego, et al., Respondents. [780 NYS2d 443]—

Rose, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered October 22, 2003 in Otsego County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Town of Otsego requiring review of the proposed expansion of petitioner Deborah Kantor's restaurant by the Town of Otsego Planning Board.

Petitioner Deborah Kantor applied for and obtained a special use permit to operate a restaurant with a capacity of 50 patrons in the Town of Otsego, Otsego County. Later, she applied to the Town's Planning Board (hereinafter Board) for permission to add an outdoor dining area seating 16 additional patrons. When the Board raised concerns about parking, petitioner asserted that she did not need approval for the additional seating. She

withdrew her application, installed the outdoor seating, and respondent Codes Enforcement Officer of the Town of Otsego then cited her for violating the Town's Land Use Law (hereinafter LUL). Petitioner appealed to the Zoning Board of Appeals (hereinafter ZBA), which found that the LUL required her to submit a site plan for Board review. When petitioners then commenced this proceeding to annul the ZBA's determination, Supreme Court dismissed their petition. Petitioners now appeal and we affirm.

We begin our review with the premise that "[t]he ZBA's interpretation [of its zoning ordinance] is entitled to great deference and will not be disturbed where . . . it is not shown to be irrational or unreasonable" (*Matter of Sacandaga Park Civic Assn. v Zoning Bd. of Appeals of Town of Northampton*, 296 AD2d 807, 808 [2002]; *see Matter of Frishman v Schmidt*, 61 NY2d 823, 825 [1984]). Here, there is no dispute that the operation of a restaurant is a special use subject to initial review and approval by the Board. The LUL's standards for special uses require the Board to review the nature and intensity of proposed operations. Although the LUL does not expressly require review when a permitted use is expanded or intensified, to hold otherwise would allow property owners to escape complete administrative review of their special uses by initially understating the extent of the proposed use and then expanding or intensifying it with impunity. While Kantor's permit contains no express limitations on seating capacity and size, they are implicit because her application to use the premises as a restaurant limited its capacity to 50 patrons. The outdoor dining area significantly exceeded the permitted use by expanding the space being used in restaurant operations and increasing the restaurant's seating capacity by almost one third. As a result, the ZBA's interpretation requiring further site plan review was not irrational (*see Matter of Castore v Breite*, 167 AD2d 799, 801 [1990], *lv denied* 77 NY2d 806 [1991]; *Matter of Tier Oil Corp. v Egan*, 99 AD2d 903, 903 [1984]).

We also reject as unsupported petitioners' claim of illegal selective enforcement of the LUL against Kantor (*see Matter of 303 West 42nd St. Corp. v Klein*, 46 NY2d 686, 693 [1979]; *Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation*, 260 AD2d 920, 923-924 [1999], *lv denied* 93 NY2d 815 [1999]; *Matter of Criscione v City of Albany Bd. of Zoning Appeals*, 185 AD2d 420, [1992]).

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.