■ In the Matter of COMMITTEE TO PROTECT OVERLOOK, INC., et al., Appellants, v TOWN OF WOODSTOCK ZONING BOARD OF APPEALS et al., Respondents. (And Two Other Related Proceedings.) [806 NYS2d 748]—

Lahtinen, J. Appeals from three judgments of the Supreme Court (McCarthy, J.), entered April 13, 2005 in Ulster County, which dismissed petitioners' applications, in three proceedings pursuant to CPLR article 78, to, inter alia, review a determination of respondent Town of Woodstock Planning Board granting site approval to respondent Karma Triyana Dharmachakra Monastery, Inc.

Respondent Karma Triyana Dharmachakra Monastery, Inc. (hereinafter KTD) is a not-for-profit religious organization that established a Buddhist monastery in 1978 on a 23-acre parcel on Meads Mountain Road in the Town of Woodstock, Ulster County. The site is the North American monastic seat of the spiritual leader of the Kagyn lineage of Tibetan Buddhism. Buildings at the site included a shrine built after KTD acquired the property and a monastery housed in a 19th century three-story wooden structure, a former hotel which reportedly was no longer structurally sound. In October 2000, KTD began the application process to replace the existing monastery with a

traditional Tibetan Buddhist monastery. That process has involved numerous thorough proceedings over several years including State Environmental Quality Review Act review and Town of Woodstock environmental quality review.

The proposed monastery will contain, among other things, 42 bedrooms, a dining hall, laundry facilities, meeting rooms, office space, a bookshop and a library. It will have considerably more square footage than the existing monastery and is designed in a U-shape that wraps around part of the shrine to create a courtyard, which KTD states is religiously important for certain ceremonies. Despite the increase in space, KTD projects little change in the nature of the use of the monastery and, since the replacement will be built into a slope, it will appear from the road to have a lower overall height than the existing monastery.

Petitioners commenced three proceedings pursuant to CPLR article 78, seeking review of a determination by respondent Town of Woodstock Planning Board and two determinations by respondent Town of Woodstock Zoning Board of Appeals (hereinafter ZBA). In three separate judgments, Supreme Court rejected a variety of objections to the Planning Board's site plan review and special use permit approvals and the ZBA's granting of area variances. In these consolidated appeals, petitioners challenge only the Planning Board's determination that the proposed monastery was a permitted use and the ZBA's grant of a height variance.

The Planning Board determined that the proposed monastery is a "church or other place of worship" and is therefore a permitted use within the R5 District of the Town of Woodstock zoning law. Petitioners contend that, while the portion of the site used for actual worship qualifies as a permitted use, many of the proposed monastery's facilities are intended for nonreligious uses. However, it is well settled that "[a] church is more than merely an edifice affording people the opportunity to worship God [and] . . . religious uses and activities are more than prayer and sacrifice" (*Matter of Community Synagogue v Bates*, 1 NY2d 445, 453 [1956]; *see Matter of Capital City Rescue Mission v City of Albany Bd. of Zoning Appeals*, 235 AD2d 815, 816 [1997]). "[E]ach case ultimately rests upon its own facts" (*Matter of Community Synagogue v Bates, supra* at 453; *see Matter of Pine Knolls Alliance Church v Zoning Bd. of Appeals of Town of Moreau*, 5 NY3d 407, 412-413 [2005]; *McGann v Incorporated Vil. of Old Westbury*, 293 AD2d 581, 583 [2002], *appeal dismissed* 98 NY2d 728 [2002]; *Order Minor Conventuals v Lee*, 64 AD2d 227, 231 [1978]). Moreover, the Planning Board's interpretation of the zoning ordinance is entitled to deference (*see Appelbaum*

*v Deutsch*, 66 NY2d 975, 977 [1985]), and its determination will be upheld if it has a rational basis and is supported by substantial evidence (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Kantor v Olsen*, 9 AD3d 814, 815 [2004]). Here, during the extensive site plan review process, the Planning Board was presented with evidence that the various uses of the proposed monastery are an integral part of Buddhist practice, which includes teachings and monastic retreats requiring residency at the monastery. This evidence adequately supports the determination that the proposed monastery is a permitted use.

Nor are we persuaded by petitioners' argument that the ZBA, in granting a height variance, used an improper method to determine the height for this structure, which will be built on sloping ground. The ZBA's determination, that the ground surface of a terrace (the stability of which is maintained by a retaining wall) located at one corner of the structure constituted a finished grade for purposes of calculating the building's height, is a reasonable interpretation of the Woodstock zoning law and is amply supported by evidence in the record (*see Matter of Kantor v Olsen, supra* at 815; *Matter of Sacandaga Park Civic Assn. v Zoning Bd. of Appeals of Town of Northampton*, 296 AD2d 807, 808 [2002]).

The remaining arguments have been considered and found unpersuasive or academic.

Cardona, P.J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgments are affirmed, without costs.