■ In the Matter of RIVENDELL WINERY, LLC, et al., Appellants, v LINDA DONOVAN et al., Individually and as Members of the Zoning Board of Appeals of the Town of New Paltz, et al., Respondents. [903 NYS2d 597]—

Stein, J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered December 3, 2008 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of New Paltz denying petitioners' request for site plan approval.

After petitioners acquired two parcels of real property located in the Town of New Paltz, Ulster County in a zoning district designated as agricultural, they filed an application for site plan approval to operate a "farm winery" on the property. Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of respondent Zoning Board of Appeals of the Town of New Paltz (hereinafter ZBA) which upheld the decision of respondent Thomas Wiacek, the Town's building inspector, denying petitioners' application. Supreme Court dismissed the petition, prompting this appeal. We affirm.

The issue distills to whether the proposed use of petitioners' property was agricultural in accordance with the Town's zoning laws. While the term "agriculture" is not specifically defined in the definition section of Town of New Paltz Zoning Law § 140-4, that section expressly states that, in the absence of a specific definition therein, if there is a definition of the term elsewhere

in section 140 of the code, that definition shall apply. In turn, Town of New Paltz Zoning Law §§ 140-117.3 and 140-134 define agriculture as "[a]ll agriculture operations and activities related to the growing or raising of crops, livestock or livestock products, and agricultural products, as such terms are defined in or governed by the Agriculture and Markets Law of the State of New York on lands qualified under Ulster County and [state] law for an agricultural exemption by the Assessor of the Town of New Paltz." As relevant here, in describing land that qualifies for an agricultural exemption, the Agriculture and Markets Law refers to land consisting of not less than seven acres that is in agricultural production and specifically excludes "land or portions thereof used for processing or retail merchandising of such crops" (Agriculture and Markets Law § 301 [4]). Inasmuch as there is no ambiguity in section 140-4 of the code and because the term agriculture is not expressly defined therein, Supreme Court correctly determined here that the ZBA's decision to use the definition of agriculture set forth in sections 140-117.3 and 140-134 of the code and Agriculture and Markets Law § 301 (4) was proper (*see Matter of Lewis Family Farm, Inc. v New York State Adirondack Park Agency*, 64 AD3d 1009, 1013 [2009]).

We turn next to the question of whether the ZBA's determination that petitioners' proposed use of the land did not fit within the definition of agriculture was rational (*see Matter of North Country Citizens for Responsible Growth, Inc. v Town of Potsdam Planning Bd.*, 39 AD3d 1098, 1100 [2007]; *Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan*, 39 AD3d 1041, 1042 [2007]). At the time of petitioners' application for site plan approval of the proposed farm winery, their property consisted of two acres of land with a single family dwelling thereon and an additional two acres of land upon which there were no vines, grapes, or any other crops planted, growing or being harvested. Although approximately 1½ acres were prepared for planting grapes and petitioners allegedly had plans to lease another 10 acres, on which they intended to develop seven acres for planting vines, those plans had not yet even culminated in a signed lease. Petitioners' proposed use of the building and adjacent acreage included the production, manufacturing, bottling, storage and distribution of wines, as well as the operation of a retail wine-tasting facility and picnic areas open to the general public. Based on the evidence before the ZBA and its interpretation of the zoning ordinance—which we accord great deference (*see Matter of Kantor v Olsen*, 9 AD3d 814, 815 [2004])—we are of the view that the ZBA's determination upholding the denial of petitioners' application for site plan approval was not irrational, arbitrary or capricious.

Peters, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.