■ In the Matter of SONYA SMELYANSKY et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF BETHLEHEM, Respondent. [920 NYS2d 828]—

McCarthy, J. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered January 12, 2010 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, among other things, review a determination of respondent denying petitioners' request for an area variance.

In 2008, petitioners purchased a parcel of property in the Town of Bethlehem, Albany County. The property contained a house that was built in 1986 and given a certificate of occupancy as a duplex, but was utilized as a three-family dwelling for many years. The prior owners removed part of a wall between two of the units, so the house was a duplex when petitioners purchased it. Petitioners applied for a building permit to convert the duplex into a three-family dwelling, but the building inspector denied the application because the lot was only 14,520 square feet and the zoning ordinance requires a lot size of 18,500 square feet for a three-family dwelling (*see* Town of Bethlehem Zoning Law

§ 128-100). Petitioners appealed the building inspector's finding that they needed a variance and simultaneously requested an area variance. Respondent denied both applications. Petitioners commenced this proceeding challenging respondent's determinations. Supreme Court dismissed the petition, prompting petitioners' appeal.

Respondent correctly confirmed the building inspector's decision that petitioners were required to apply for an area variance. The Town's zoning ordinance provides that a "nonconforming lot may be built upon for any purpose permitted in the zoning district in which it is located, without a variance," as long as the "nonconformity results solely from the adoption" of the most recent version of the zoning ordinances (Town of Bethlehem Zoning Law § 128-55 [B] [1]). Two- and three-family dwellings are among the permitted uses in the zoning district where petitioners' property lies. The problem with petitioners' argument is that the lot conformed to the zoning ordinances. It was always considered by the Town as a two-family dwelling, was a duplex at the time petitioners submitted their application for a building permit, and complied with the requirements for such a building. The property only would have become nonconforming once the building was converted to a three-family dwelling. Additionally, although the building may have been used—in violation of the certificate of occupancy issued by the Town—as a three-family dwelling at the time the most recent zoning ordinances were adopted in 2005,* the nonconformity resulted from the illegal use of the property by petitioners' predecessors, not "*solely* from the adoption" of the zoning ordinances (Town of Bethlehem Zoning Law § 128-55 [B] [1] [emphasis added]). Thus, giving deference to respondent's interpretation of the Town's ordinances (*see Matter of Rivendell Winery, LLC v Donovan*, 74 AD3d 1594, 1595 [2010]; *Matter of Kantor v Olsen*, 9 AD3d 814, 815 [2004]), respondent rationally determined that petitioners were required to apply for an area variance.

We also affirm respondent's decision to deny petitioners' request for an area variance. Reviewing courts must refrain from substituting their own judgment for the reasoned judgment of a zoning board, even if the court would have decided the matter differently in the first instance (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Cowan v Kern*, 41 NY2d 591, 599 [1977]). Local zoning boards have broad discretion when considering applications for area variances and courts will

---

* The record is unclear as to exactly when petitioners' predecessors converted the dwelling into a duplex.

uphold a zoning board's determination unless its actions were illegal, arbitrary or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 950 [2010]); the key is rationality (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]; *Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals*, 19 AD3d 968, 970 [2005]).

By statute, when considering the application for an area variance, respondent was required to weigh the benefit to petitioners if the variance were granted against the detriment to the community from a grant of the variance (*see* Town Law § 267-b [3] [b]). Respondent was required to consider the following factors: "whether (1) granting the area variance will produce an undesirable change in the character of the neighborhood or a detriment to nearby properties; (2) the benefit sought by the applicant can be achieved by some method, feasible to the applicant, other than a variance; (3) the requested area variance is substantial; (4) granting the proposed variance would have an adverse effect or impact on physical or environmental conditions in the neighborhood or district; and (5) the alleged difficulty is self-created. While the last factor is not dispositive, it is also not irrelevant" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613 [citation omitted]; *see* Town Law § 267-b [3] [b]).

Respondent considered those factors when weighing the benefits versus the detriments associated with granting the variance. Petitioners submitted evidence that the neighborhood was comprised of mostly two-family residences and a majority of the residents are renters. Respondent held that the neighborhood contained one- and two-family residences and a three-family dwelling would change the character of the neighborhood. A senior citizen complex, apartment complex and shopping plazas are in the district, but respondent mainly compared the property at issue with other parcels on the same street—apparently all built as part of a residential subdivision—when evaluating the character of the neighborhood.

Petitioners averred that they could not purchase additional property from neighbors to obtain enough square feet to convert to a three-family house without a variance. Although there is no feasible method for petitioners to make the conversion without a variance, respondent noted that petitioners already have a two-family dwelling and can receive a benefit from this investment property by renting out at least one, if not both, of the two units in the duplex (*see Matter of Bivona v Town of Plat-*

*tekill Zoning Bd. of Appeals*, 268 AD2d 877, 880 [2000]). The requested variance would require an exception of nearly 4,000 square feet, or approximately 21% of the total area. It was not arbitrary or irrational for respondent to find this substantial (*see Matter of Four M Constr. Corp. v Fritts*, 151 AD2d 938, 940 [1989]). There was no evidence that the conversion would have an impact on physical or environmental conditions. Finally, the difficulty was self-created because petitioners purchased the property as a duplex and they were aware of the zoning requirements for a three-family dwelling at the time (*see Matter of Bivona v Town of Plattekill Zoning Bd. of Appeals*, 268 AD2d at 880-881; *see also Matter of Inlet Homes Corp. v Zoning Bd. of Appeals of Town of Hempstead*, 2 NY3d 769, 770 [2004]). As respondent considered all of the factors, weighed them and reached a decision that was not arbitrary, irrational or an abuse of discretion, we will not disturb that determination.

Mercure, J.P., Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.