In the Matter of ANN LETOURNEAU, Appellant v TOWN OF BERNE et al., Respondents. [931 NYS2d 810]—

McCarthy, J.

In 2001, respondent Victor Procopio purchased a parcel of real property abutting Helderberg Lake in the Town of Berne, Albany County. The dwelling on the property had collapsed and been declared unsafe by respondent Peter Schaming, the building and zoning administrator for respondent Town of Berne. Procopio obtained a building permit to demolish the structure and rebuild it.* After construction began, petitioner, who owns a neighboring parcel, made a request that the Town rescind the permit, then commenced a proceeding pursuant to CPLR article 78 seeking to compel such rescission. Supreme Court (Egan Jr., J.) dismissed the petition as untimely and this Court affirmed (*Matter of Letourneau v Town of Berne*, 56 AD3d 880 [2008]).

In 2009, Procopio completed the construction and the Town issued a certificate of occupancy. Petitioner sent a letter to respondent Zoning Board of Appeals of the Town of Berne seeking rescission of the certificate of occupancy, then commenced a proceeding seeking the same relief and an injunction preventing Procopio from occupying the premises until it was in compliance with local, county and state regulations. The Board dismissed petitioner's appeal, contending that it lacked jurisdiction to interpret county and state regulations. Supreme Court held that the Board had jurisdiction and remanded for the Board to resolve two questions: whether the septic system installed by Procopio constituted new construction under the Town's zoning code and whether Helderberg Lake is a public water source for the Town of Bethlehem, Albany County, such that the system had to comply with certain watershed regulations.

---

* Although Procopio's application for the building permit stated that it was for new construction, the permit issued by Schaming was for reconstruction.

On remand, the Board found that the evidence did not establish that Helderberg Lake was a source of public water and that Procopio's septic system was not a new septic system for new construction, but was a replacement system. Petitioner commenced this proceeding seeking review of the Board's determination and seeking to enjoin Procopio from occupying the premises. Supreme Court (Connolly, J.) dismissed petitioner's application, finding that it was barred by laches and that it failed on the merits. Petitioner appeals.

Initially, although the residence has been completely built, the proceeding is not moot or barred by laches. Petitioner did not delay in seeking to protect her interests. She challenged the building project at the beginning of construction, sought an injunction and continued to complain about the lack of regulatory compliance throughout the process, putting Procopio on notice that she would seek relief and that he was proceeding at his own peril in the face of her challenge (*see Matter of Schupak v Zoning Bd. of Appeals of Town of Marbletown*, 31 AD3d 1018, 1019-1020 [2006], *lv denied and dismissed* 8 NY3d 842 [2007]; *compare Matter of Clarke v Town of Sand Lake Zoning Bd. of Appeals*, 52 AD3d 997, 999-1000 [2008], *lv denied* 11 NY3d 707 [2008]; *Bailey v Chernoff*, 45 AD3d 1113, 1115 [2007]). Thus, neither laches nor mootness bar this proceeding.

Nevertheless, Supreme Court properly dismissed the petition on the merits. Petitioner, as the party seeking rescission of the certificate of occupancy, bore the burden of showing that the certificate was improperly issued (*see Matter of Hariri v Keller*, 34 AD3d 583, 586 [2006]). Regarding whether Helderberg Lake was a source of public water for the Town of Bethlehem, the Board noted that the submitted documents merely contained "non-conclusive references." The letter from the Town of Bethlehem's commissioner of public works does not directly state that Helderberg Lake is part of the watershed that supplies water to that town. The letter simply states that the commissioner was transmitting several documents that refer to the lake as being part of that watershed. Thus, although given the chance to assert that the lake was a source of its water supply, the Town of Bethlehem did not provide any opinion on the topic. The Albany County Department of Health sent a letter to Schaming stating that the lake "is utilized by the Town of Bethlehem as a source of water" for its public water supply, and that the watershed rules "may" affect construction of a residential septic system. The letter does not provide the source of its statement that the lake is part of the public water supply. Also, if the lake is within the watershed, compliance with the water-

shed rules would seem to be mandatory, not permissive as suggested by the use of the word "may." The documents in the record are equivocal and do not definitively prove that the lake is within the watershed. Accordingly, the Board did not act arbitrarily or irrationally when it determined that the evidence failed to establish that Helderberg Lake serves as a source of the public water supply for the Town of Bethlehem.

The Town of Berne's zoning ordinance provides that "[n]o person shall undertake to construct any new [sanitary disposal] structure . . . without first meeting the requirements for a system . . . and obtaining an approved water supply in accordance with applicable regulations of the Town, the New York State and Albany County Departments of Health, the New York State Department of Environmental Conservation, and other governmental authorities" (Code of the Town of Berne § 190-17 [C] [1]). A certificate of occupancy may only be issued after successful inspection of a new sanitary system, whereas a replacement system does not require an inspection (*see* Code of the Town of Berne § 190-17 [C] [1]). This Court affords deference to a zoning board's interpretation of its own ordinances and will uphold its interpretation unless it is irrational or unreasonable (*see Matter of Smelyansky v Zoning Bd. of Appeals of the Town of Bethlehem*, 83 AD3d 1267, 1268-1269 [2011]; *Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan*, 39 AD3d 1041, 1041 [2007]).

The Town of Berne's zoning ordinance does not define what constitutes a new sanitary system, which would require an inspection prior to issuance of the certificate of occupancy. The Board heard testimony from Schaming and Lewis Buckman, the engineer who designed and installed Procopio's septic system, that the property contained pipes from the prior dwelling that were part of the sanitary disposal system, but that the system was in disrepair. Schaming and Buckman both testified that a replacement septic system typically does not use any of the old system's components, as they may have rotted or become unusable, and a replacement system is often installed in a different location than the system it is replacing due to the unsuitability of the soil near the old system. Although the record contains factual discrepancies as to whether the newly constructed building was much larger than the original dwelling, the property still contains a one-family residence. The Board did not act arbitrarily or irrationally in determining that the modernized septic system that Procopio installed to service his reconstructed residence constituted a replacement for a previous septic system, rather than a new system (*see Matter of Smelyansky v Zoning*

*Bd. of Appeals of the Town of Bethlehem*, 83 AD3d at 1268; *Matter of Rivendell Winery, LLC v Donovan*, 74 AD3d 1594, 1595 [2010]). Accepting the Board's answers to the questions on remand from Supreme Court, Procopio's replacement septic system was not subject to the watershed regulations or other regulatory requirements, and no inspection of the system was required prior to issuance of the certificate of occupancy. Thus, the court properly dismissed the petition.

Rose, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.