■ In the Matter of GARY TAKOURIAN, Appellant, v TOWN OF BETHEL ZONING BOARD OF APPEALS, Respondent, et al., Respondents. [935 NYS2d 724]—

Rose, J.

Respondents Paul B. Allison and Dorann G. Allison own three contiguous tax map parcels of real property that are separated by private roads in the Town of Bethel, Sullivan County. Paul Allison obtained a permit from the Town's Building Department to build a detached, two-car garage on one of the unimproved parcels located directly across a private road from the parcel upon which the Allisons' residence was situated. The permit was revoked by the Town's Code Enforcement Officer after a complaint by petitioner that the garage, as an accessory use, was required by the Town's zoning code to be on the same lot as the principal building (Code of the Town of Bethel § 345-5). The zoning code defines a lot as "[a] piece or parcel of land occupied or intended to be occupied by a principal building . . . and accessory buildings . . . and having frontage on a public street" (Code of the Town of Bethel § 345-5). If the Allisons' parcels were separated by public roads, the County would consider them to be one lot for tax map purposes. However, because they happen to be separated by private roads instead, they are separate lots on the County tax map. Respondent Town of Bethel Zoning Board of Appeals (hereinafter the ZBA) ultimately reinstated the permit, concluding, among other

things, that—despite the County's method of identifying lots for tax map purposes—the intent of the Town's zoning code was not to treat land separated by private roads differently than land separated by public roads. Petitioner commenced this CPLR article 78 proceeding to challenge the ZBA's determination, Supreme Court dismissed the petition and petitioner appeals.

Petitioner argues that the determination to allow the permit violates the intent of the Town's zoning code requiring a garage to be on the same lot as the principal building so as to prevent the conveyance of the accessory structure by itself without subdivision approval. We will, however, accord deference to a zoning board's interpretation of its own ordinance and uphold its interpretation unless it is irrational or unreasonable (*see Matter of Smelyansky v Zoning Bd. of Appeals of the Town of Bethlehem*, 83 AD3d 1267, 1268-1269 [2011]; *Matter of Ohrenstein v Zoning Bd. of Appeals of Town of Canaan*, 39 AD3d 1041, 1041 [2007]). Here, the ZBA concluded that, where the parcels are contiguous, the Town zoning code did not intend to treat parcels separated by private roads differently from parcels separated by public roads. Finding the ZBA's conclusion rational and supported by the record, we decline to disturb the determination (*see Matter of Rivendell Winery, LLC v Donovan*, 74 AD3d 1594, 1595 [2010]; *Matter of Kantor v Olsen*, 9 AD3d 814, 815 [2004]; *Matter of Citizens Against Illegal Zoning v Zoning Bd. of Appeals of Town of Rochester*, 276 AD2d 897, 899 [2000]). We have considered petitioner's remaining contentions regarding the ZBA's alleged violations of Town Law § 267-a and Public Officers Law article 7 and find them to be without merit.

Mercure, A.P.J., Peters, Spain and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.