■ In the Matter of MARIA AVRAMIS, Respondent , v ROBERT SARACHAN, as City Prosecutor of the City of Ithaca, et al., Appellants. (Proceeding No. 1.) In the Matter of MARIA AVRAMIS, Respondent, v BOARD OF ZONING APPEALS OF THE CITY OF ITHACA et al., Appellants, et al., Respondents. (Proceeding No. 2.) [948 NYS2d 191]—

Lahtinen, J.

Petitioner is the longtime owner of a four-unit, 12-bedroom apartment building in the City of Ithaca, Tompkins County, which is used primarily as housing for college students. The property also had four off-street parking spaces located in front of the building. The applicable zoning was changed in 1977 to allow only single and two-family dwellings, resulting in petitioner's apartment building becoming a legally nonconforming use of the property. In 2007, petitioner received a building permit allowing her to remove a rear porch and make various interior alterations, which would not increase the number of occupants of the building. As work progressed, petitioner also started constructing, without a permit, a parking lot in the rear of her property to replace the front parking area as well as increase the number of available parking spaces for the building.

Following complaints by neighbors and an investigation of the work, a representative of the City's Building Department notified petitioner that she must submit documentation for site plan review regarding the rear yard parking, that the amount of parking for the property was limited to the four grandfathered spaces, and that a use variance would be necessary to expand parking beyond four vehicles. Petitioner applied for site plan approval for rear yard parking for eight vehicles and then supplemented the application seeking rear yard parking for 10 vehicles. The application was rejected because it exceeded the four grandfathered spaces without a use variance. Following the submission of further documentation, appearances of counsel and comments from neighbors, respondent Board of Zoning Appeals of the City of Ithaca (hereinafter Board) upheld the determination that a use variance was necessary to construct more than four parking spaces.

Various proceedings were commenced and, as relevant to this appeal, petitioner sought, among other things, to compel the City's Building Commissioner to issue a permit for construction of off-street rear yard parking and to annul the Board's determination that a use variance was necessary to exceed four parking spaces. Supreme Court, among other things, found that, under the City's zoning ordinance, off-street rear yard parking was a permitted accessory use of the nonconforming apartment building. The court declared that the off-street parking provisions of the ordinance (which would allow more than four park-

ing spaces on petitioner's property) controlled and further declared that installation of parking spaces in conformity with the ordinance did not require a use variance. The decision of the Board was thus annulled and respondents were directed to accept petitioner's application for site plan review. Respondents appeal.

Except "where the question is one of pure legal interpretation" (*Matter of Teachers Ins. & Annuity Assn. of Am. v City of New York*, 82 NY2d 35, 42 [1993]), " '[t]he [Board's] interpretation [of its zoning ordinance] is entitled to great deference and will not be disturbed where . . . it is not shown to be irrational or unreasonable' " (*Matter of Kantor v Olsen*, 9 AD3d 814, 815 [2004], quoting *Matter of Sacandaga Park Civic Assn. v Zoning Bd. of Appeals of Town of Northampton*, 296 AD2d 807, 808 [2002]; *see Matter of Takourian v Town of Bethel Zoning Bd. of Appeals*, 90 AD3d 1454, 1455 [2011]; *Matter of Smelyansky v Zoning Bd. of Appeals of the Town of Bethlehem*, 83 AD3d 1267, 1268 [2011]). When that interpretation involves a determination regarding a nonconforming use, an owner who challenges the zoning board faces a "burden of persuasion [that] is high because of the law's traditional aversion to nonconforming uses" (*Matter of Pelham Esplanade v Board of Trustees of Vil. of Pelham Manor*, 77 NY2d 66, 70 [1990]). Nonconforming uses are generally viewed "as detrimental to a zoning scheme, and the overriding public policy of zoning . . . is aimed at their reasonable restriction and eventual elimination" (*Matter of Toys "R" Us v Silva*, 89 NY2d 411, 417 [1996]; *see Verstandig's Florist v Board of Appeals of Town of Bethlehem*, 229 AD2d 851, 852 [1996]). "While nonconforming uses are generally permitted to continue, they may not be enlarged as a matter of right" (*Matter of Rudolf Steiner Fellowship Found. v De Luccia*, 90 NY2d 453, 458 [1997] [citation omitted]; *see Matter of Gilchrist v Town of Lake George Planning Bd.*, 255 AD2d 791, 792-793 [1998]).

Initially, we note that the dispute is primarily about the number of parking spaces since respondents acknowledge that petitioner has a right to four parking spaces which, subject to site plan review, can be relocated to the rear of the property. When the parking provisions of the zoning ordinance are read in isolation, those provisions would allow (and even require) more than four spaces on petitioner's property. The Board, however, determined that the parking provisions apply only to conforming use property and not to nonconforming property. Read in the context of the entire zoning ordinance and the goals incorporated therein, this interpretation is not unreasonable.

There is nothing in the zoning ordinance that clearly requires a contrary interpretation.

Additionally, under the Board's interpretation of the zoning ordinance, it viewed petitioner's entire parcel—not simply the structure thereon—to be nonconforming since both multiple residential units and accompanying parking of numerous vehicles on a single parcel would be significantly at odds with the general purposes of an area zoned for single and two-family dwellings. While a different interpretation might have been feasible, the Board's interpretation was neither irrational nor unreasonable and, in fact, it was consistent with the general policy when dealing with nonconforming uses. The zoning ordinance gave many examples of accessory uses, and parking for a nonconforming apartment building was not included therein. Under the prevailing circumstances, it was reasonable for the Board to interpret the zoning ordinance so as to consider the entire property as a nonconforming use rather than simply a nonconforming structure with an accessory use. In any event, the effort to more than double the amount of parking constituted such a significant increase in intensity and volume over what had existed as to go beyond a mere accessory use (*see Gilchrist v Town of Lake George Planning Bd.*, 255 AD2d at 792-793).

The provisions of the zoning ordinance specifically addressing nonconforming uses provide that such uses may not be extended or enlarged unless a variance is granted. Accordingly, that part of the petition seeking to annul the determination of the Board that required a variance to exceed four parking spaces should have been dismissed and the request for a declaration with regard thereto denied.

Mercure, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioner's applications and annulled the determination of respondent Board of Zoning Appeals of the City of Ithaca that required a use variance for the installation of additional parking spaces beyond four spaces and declared the rights of parties with regard thereto; petitions dismissed to that extent; and, as so modified, affirmed.