Spain, J.
Appeal from a judgment of the Supreme Court (Chauvin, J.), entered January 7, 2013 in Saratoga County, which granted petitioner’s application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding that petitioner was not excepted from certain zoning requirements.
Petitioner is a not-for-profit organization that provides a variety of programs and services, many federally funded, in Saratoga County, mostly to low-income residents. Petitioner contracted to purchase property located in the Central Business District Zone of the Village of Ballston Spa, Saratoga County. Petitioner then applied to the Village Code Enforcement Officer, Randy Lloyd, for an interpretation of whether the services it planned to provide at that property were permitted by the Village’s zoning ordinance. Lloyd concluded that petitioner’s proposed uses were not permitted uses in, and did not fall within the exception for “[v]ital human services” under the zoning ordinance governing, that business district. At a public hearing on petitioner’s appeal to respondent, numerous individuals expressed opinions for and against the proposed uses as vital human services. Respondent agreed with Lloyd, finding the proposed uses are not permitted as vital human services. Petitioner commenced the instant CPLR article 78 proceeding challenging respondent’s interpretation. Supreme Court granted the relief requested, in part, determining that petitioner’s proposed use of the property fell within the exception to the zoning ordinance. Respondent appeals.
The subject property, located at 31-39 Bath Street in the Village of Ballston Spa, is situated in the Central Business District Zone. The Village’s zoning ordinance provides, in part:
“ ‘§ 205-57 Retail Use in the Central Business District Zone’ “a. Any change of use on the ground floor of a structure located within the Central Business District Zone shall be used only for retail space with the following exceptions:
“1. Vital human services “2. Offices by special permit *1036 “3. Churches and houses of religious worship “4. Libraries “5. Museums “6. Hotels “7. Banks and financial institutions
“8. Parking garages” (Local Law No. 3 [2007] of Village of Ballston Spa, § I, adding art X, § 205-57 of Code of Village of Ballston Spa [emphasis added]). The phrase “Vital human services” is defined in the ordinance as “any health related services such as doctors, dentists, physical therapists, hair and skin care and other necessary human services” (as added by Local Law No. 3 [2007] of Village of Ballston Spa, § II [emphases added]). Petitioner contended, and Supreme Court agreed, that it provided such “[v]ital human services” and, as such, respondent erred in interpreting the zoning ordinance so as to preclude petitioner’s proposed uses on the ground floor of the subject property. On respondent’s appeal,* we agree with Supreme Court’s determination and affirm.
“When a reviewing court is confronted with an allegedly ambiguous zoning law, it generally will grant great deference to [a zoning board of appeals’] interpretation thereof — disturbing such interpretation only if it is irrational and unreasonable” (Matter of Subdivisions, Inc. v Town of Sullivan, 92 AD3d 1184, 1185 [2012], lv denied 19 NY3d 811 [2012] [internal quotation marks and citation omitted]). By the same token, zoning restrictions are in derogation of the common law and, as such, are strictly construed against the regulating municipality and “any ambiguity in the language employed must be resolved in favor of the property owner [or, here, the contract vendee]” (Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties, 268 AD2d 771, 774 [2000], lv denied 94 NY2d 764 [2000]). Where the dispute presents a question of pure legal interpretation of an unambiguous provision or phrase in a zoning ordinance, “deference is not required” (Matter of Subdivisions, Inc. v Town of Sullivan, 92 AD3d at 1185; see Matter of Teachers Ins. & Annuity Assn. of Am. v City of New York, 82 NY2d 35, 42 [1993]; Matter of Avramis v Sarachan, 97 AD3d 874, 876 [2012], lv denied 20 NY3d 852 [2012]).
*1037 Here, to the extent that “[v]ital human services,” which include “any health related services” and “other necessary human services,” is a somewhat ambiguous phrase, it will be construed in petitioner’s favor. A statute such as a zoning ordinance must be “construed as a whole, reading all of its parts together,” all of which should be harmonized to ascertain legislative intent, and it should be given its plain meaning, avoiding a construction that renders superfluous any language in the ordinance (Matter of Erin Estates, Inc. v McCracken, 84 AD3d 1487, 1489 [2011]; see Friedman v Connecticut Gen. Life Ins. Co., 9 NY3d 105, 115 [2007]). Neither “health related services,” which is unambiguous, nor “other necessary human services,” which is somewhat vague, is defined in the legislation and, thus, we look to the plain meaning of those terms. While the ordinance generally contemplates “retail space” on the ground floor for any changed use in the Central Business District Zone, it specifically exempts certain enumerated uses— including “[v]ital human services” — many of which are not retail or commercial. Several of the exempted uses — e.g., museums, libraries, churches and houses of religious worship— may also be used by not-for-profit entities such as petitioner. Thus, the opinions expressed at the hearing before respondent that appear to have influenced its interpretation — that the excepted use must be a property-tax paying, for-profit business — are incorrect. In that regard, the focus must be on the proposed uses and not on the entity or person who owns or occupies the land (see Matter of Dexter v Town Bd. of Town of Gates, 36 NY2d 102, 105 [1975]). Further, respondent may not insert conditions or criteria into a zoning ordinance governing allowable uses in a zoned district that are not contained in the statutory language adopted.
Notably, there has been no dispute as to the services provided by petitioner and proposed for this ground floor location, or that they are “health related.” Petitioner offered uncontroverted proof that it offers government funded programs, including direct services for: (1) “Women, Infants and Children (WIC),” a nutrition program designed to safeguard the health of low income women and their children who are at nutritional risk, to improve the health of pregnant and breast-feeding women, new mothers and their infants, and offering height, weight and anemia testing for children; (2) Head Start, which, among myriad other beneficial services, offers medical, dental, health, developmental and behavioral screening for children, as well as disability services for children; (3) a Community Services Department that offers crisis intervention and fulfills the emergency needs of families and individuals, as well as a food pantry *1038 and rural food delivery for the elderly and homebound disabled individuals; and (4) a Weatherization program, which assists families by offering health and safety services such as carbon monoxide/smoke detector installation, proper venting for appliances, and furnace cleaning.
The foregoing compellingly establishes that petitioner’s proposed uses qualify as “[v]ital human services” in that they are “health related” and “necessary human services” comparable to that offered by medical professionals and facilities and by social services agencies, under the plain meaning and common understanding of those terms. Indeed, the health and safety-related, necessary and vital nature of the services and programs that petitioner offers has never been controverted. Consequently, we agree with Supreme Court that respondent’s interpretation of the zoning provision as not allowing petitioner’s proposed uses was irrational and unreasonable, and its determination was properly annulled (see Matter of Atkinson v Wilt, 94 AD3d 1218, 1220 [2012]).
Stein, J.E, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

 We are not persuaded, however, by petitioner’s claim that this controversy was rendered moot by its purchase of the subject property and relocation of its staff and reported provision of services from this site. Petitioner’s actions, taken at its own peril, do not prevent this Court “from rendering a decision that would effectively determine an actual controversy” (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]), i.e., whether the proposed uses are allowed.