Matter of Yeshiva Talmud Torah Ohr Moshe v Zoning Bd. of Appeals of The Town of Wawarsing (2019 NY Slip Op 02409)





Matter of Yeshiva Talmud Torah Ohr Moshe v Zoning Bd. of Appeals of The Town of Wawarsing


2019 NY Slip Op 02409


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

527398

[*1]In the Matter of YESHIVA TALMUD TORAH OHR MOSHE, Appellant,
v
ZONING BOARD OF APPEALS OF THE TOWN OF WAWARSING et al., Respondents.

Calendar Date: February 14, 2019

Before: Clark, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Sive Paget & Riesel PC, New York City (Steven Barshov of counsel), for appellant.
Mary Lou P. Christiana, Kingston, for respondents.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the Supreme Court (Fisher, J.), entered January 25, 2018 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Wawarsing interpreting the Code of the Town of Wawarsing as prohibiting petitioner's proposed use of its property.
Petitioner, a not-for-profit religious corporation, operates a yeshiva for boys of the Orthodox Jewish faith in Brooklyn and owns a parcel of real property in the Town of Wawarsing, Ulster County that contains approximately 23 acres. As relevant here, in October 2016, petitioner submitted an application to respondent Town of Wawarsing for site plan review of its proposal to rehabilitate and convert the existing buildings on the property for "ongoing torah and talmudic studies throughout the summer months" by approximately 150 male students between 12 years old and 17 years old. The proposed facility would contain two synagogues, classrooms, a residence for the supervising rabbi and dormitory and dining facilities for the students. The property is located within an area designated as a Neighborhood Settlement District (hereinafter NS district), which permits property in this district to be used for, among other things, "[p]laces of worship" (Code of the Town of Wawarsing, ch 112, Attachment 1). Respondent Municipal Code Officer issued a written determination that the planned use of the property was not a permitted use in an NS district because, although a place of worship constitutes an allowable use, a camp or any type of occupancy that permits overnight residence of students, staff or families is not allowable. Petitioner thereafter sought review of the Municipal Code Officer's determination by respondent Zoning Board of Appeals of the Town of Wawarsing (hereinafter ZBA), which affirmed the determination of the Municipal Code Officer and concluded that the proposed use of the property did not fall within the definition of place of worship but, instead, was "akin to a school or a camp," neither of which is a permitted use in an NS district.
Petitioner then commenced this CPLR article 78 proceeding to, among other things, annul the ZBA's determination contending that its proposed use falls within the zoning law's definition of place of worship. According deference to the determination of the ZBA, Supreme Court found that there was a rational basis to support the ZBA's determination and dismissed the petition. Petitioner appeals.
"Judicial review of a determination of a zoning board of appeals is generally deferential, and that body is accorded reasonable discretion in interpreting an ordinance that addresses an area of zoning where it is difficult or impractical for a legislative body to lay down a rule which is both definitive and all-encompassing. However, where, as here, the issue presented is one of pure legal interpretation of the underlying zoning law or ordinance, deference is not required" (Matter of Fruchter v Zoning Bd. of Appeals of the Town of Hurley, 133 AD3d 1174, 1175 [2015] [internal quotation marks and citations omitted]; see Matter of Sullivan v Board of Zoning Appeals of City of Albany, 144 AD3d 1480, 1482 [2016], lv denied 29 NY3d 901 [2017]). "If the law or ordinance at issue does not define a particular term, courts will afford such term its plain or ordinary meaning, and any ambiguity in the language employed must be resolved in favor of the property owner" (Matter of Sullivan v Board of Zoning Appeals of City of Albany, 144 AD3d at 1482 [internal quotation marks and citations omitted]; see Matter of Fruchter v Zoning Bd. of Appeals of the Town of Hurley, 133 AD3d at 1175). Moreover, in this case, we must also be mindful that we have previously recognized that "the courts of this state have been very flexible in their interpretation of religious uses under local zoning ordinances" (Matter of Sullivan v Board of Zoning Appeals of City of Albany, 144 AD3d at 1483 [internal quotation marks, brackets and citation omitted]; see Matter of Committee to Protect Overlook, Inc. v Town of Woodstock Zoning Bd. of Appeals, 24 AD3d 1103, 1104-1105 [2005], lv denied 6 NY3d 714 [2006]).
Respondents acknowledge that the proposed synagogues and a residence for the rabbi are permitted uses, but assert that the proposed school and living facilities are not permitted uses within the NS district. As previously noted, permitted uses within the NS district include a place of worship, which is defined as the "[u]se of land, buildings, and structures for religious observance, including a church, synagogue, or temple and related on-site facilities such as monasteries, convents, rectories, retreat houses, and fellowship or school halls" (Code of the Town of Wawarsing § 112-4 [emphasis added]). On-site school halls that provide religious instruction incident to the use of a structure for religious observance, such as the proposed synagogues, are expressly included in the definition of place of worship and, accordingly, are permitted uses under the Town's zoning ordinance. With respect to the proposed living and dining facilities for students, we note that the definition of place of worship specifically allows "related on-site facilities," including facilities that permit residential occupancy, such as monasteries, convents and retreat houses. We conclude that this definition unambiguously includes the living facilities proposed for students of the school, particularly in light of petitioner's representation that its purpose in constructing the facility is to provide religious instruction at a location with tranquil natural surroundings that facilitate reflection and study — a use that is consistent with a retreat house — and, thus, such facilities are permitted uses under the Town's zoning ordinance. Moreover, had we found the definition ambiguous, we would have been required to resolve any ambiguity against respondents, especially in light of the flexibility required to be given to definitions of religious uses. Finally, our determination that the proposed uses are unambiguously permitted by the plain language of the zoning ordinance renders irrelevant the respondents' argument that the fact that schools with associated living facilities, or dormitories, are permitted in other zoning districts within the Town evinces the intent to prohibit such uses in the district where the property is located. As such, the ZBA's determination is annulled and the matter is remitted for respondents to consider petitioner's site plan application.
Clark, J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, petition granted, determination annulled and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.